Shannon Don TUCKER, Appellant,

v.

The STATE of Texas.

No. 1166–98.

Court of Criminal Appeals of Texas,
En Banc.

March 24, 1999.

Keith S. Hampton, Cynthia L. Hampton,
Austin, for appellant.

Eric Kugler, Assistant DA, Houston,
Matthew Paul, State's Atty., Austin, for
the State

## OPINION

WOMACK, J., delivered the opinion for
a unanimous Court.

After the State rested its case in a trial
for delivery of cocaine, the appellant's
counsel said, "At this time the defense
would like to make an opening statement."

The court ruled, "That will be denied."

Counsel said, "Okay. In that case we will
call [our first witness]."

The issue is whether the appellant
preserved the right to present a complaint
on appeal that the ruling was in error.
Relying on *Dunn v. State,* 819 S.W.2d 510
(Tex.Cr.App.1991), *cert. denied,* 506 U.S.
834, 113 S.Ct. 105, 121 L.Ed.2d 63 (1992),
the court of appeals ruled that he did not.
*Tucker v. State,* No. 11–96–226–CR (Tex.
App.—Eastland April 16, 1998) (not desig-
nated for publication). We granted review
to clarify our holding in *Dunn,* a case
which must be limited to its peculiar facts.

Dunn was representing himself in a cap-
ital murder case. The trial began shortly
after the effective date of a statutory
amendment which changed Texas practice
by allowing a defendant the choice of mak-

ing an opening statement immediately after the State's opening statement, rather than waiting until the State rested its case-in-chief.[1] After the State made its opening statement, Dunn asked, "Before the State's witness takes the stand, may I make a brief statement to the jury?" When the court told Dunn, "You will be able to do that when it comes your time to put on your evidence," Dunn said, "Thank you."[2]

■ The general prerequisite to presenting a complaint for appellate review is a showing in the record that (1) the complaint was made to the trial court by a request, objection, or motion that was timely and sufficiently specific to make the trial court aware of the grounds of complaint, and (2) the trial court ruled adversely (or refused to rule, despite objection).[3]

It is not at all clear that Dunn made a specific request, objection, or motion. In the *Dunn* opinion we pointed out that specificity is required to inform the court and the opponent of the basis of the objection and to give them an opportunity to remove or cure the problem.[4] As we said, had Dunn called the new amendment to the trial court's attention or given a basis for allowing opening argument at that time, the trial court would have been able to cure the problem.[5] For all the record showed, Dunn may have been merely asking for information about when he could

expect to make a statement, rather than making a specific request, objection or motion. Nor is it clear that the trial court's answer amounted to an adverse ruling rather than a giving of information to the defendant who was acting *pro se.*

In the present case there was no *pro se* litigant looking to the trial court for information, and there was no new statute. The appellant made a specific request to do what has been done "from time immemorial,"[6] but which was inexplicably denied. He did all that is generally required to preserve this complaint for review on appeal.

■ The court of appeals distinguished a precedent, which the appellant cited,[7] by pointing out that the defendant in that case had objected to the trial court's ruling in favor of the State. But when the trial court rules against an appellant's request, objection, or motion, further action is generally not required to preserve a complaint for appellate review.[8] It was not required in this case.

■ The court of appeals held that the appellant's counsel "acquiesced" to the trial court's ruling, citing *Dunn.*[9] In *Dunn* we held that, if Dunn's question and the trial court's answer could be called a specific request and an adverse ruling, he also waived the complaint by "capitulat[ing to]

1. *See* Tex.Code Crim. Proc. art. 36.01(b), added by the Act of June 17, 1987, 70th Leg., R.S., ch. 519, 1987 Tex. Gen. Laws 2129. *See generally Moore v. State,* 868 S.W.2d 787 (Tex. Cr.App.1993).

2. *Dunn v. State,* 819 S.W.2d at 523.

3. *See* Tex.R.App. P. 33.1(a).

4. *See Dunn v. State,* 819 S.W.2d at 524.

5. *Id.* at 525.

6. "The practice of allowing a defendant in a criminal case, preliminary to introducing his evidence, to make, through his counsel, an

opening statement outlining his defenses and the evidence thereof, appears to have been followed from time immemorial." *Dugan v. State,* 82 Tex. Crim. 422, 423, 199 S.W. 616, 616 (1917). It has been included in every Code of Criminal Procedure, beginning with the Code of 1856, and it is codified now in Tex.Code Crim. Proc. art. 36.01(5).

7. *McGowen v. State,* 944 S.W.2d 481 (Tex. App.—Houston [14th Dist.] 1997, no pet.),

8. *See* Tex.R.App. P. 33.1(c): "Neither a formal exception to a trial court ruling or order nor a signed, separate order is required to preserve a complaint for appeal."

9. *Tucker v. State, supra,* at 2.

the trial court's ruling," or "simply acquiesc[ing] in the trial court's action."[10]

█ It is, of course, possible for a party, who at one time in the trial preserves a complaint for appellate review, to waive or forfeit the complaint at another time.[11] But in the context of this case, the word "Okay" cannot support the court of appeals' finding of waiver. It is well recognized that "we [lawyers] use crutch words and phrases to give us time to think of what to ask next, a practice that creates an instant habit of starting each question with, 'Let me ask you this,' and following every response with, 'I see.'"[12] Here "Okay" is one of those crutch words, not a waiver.[13]

By holding that this point was not preserved for appellate review, the court of appeals extended *Dunn* past its facts and contradicted the well-settled law that is codified in Rule of Appellate Procedure 33.1.

We reverse the judgment of the court of appeals and remand the case for consideration of the merits of this point of error.

---

10. *See Dunn v. State*, 819 S.W.2d at 524, 525.

11. *See, e.g., James v. State*, 772 S.W.2d 84 (Tex.Cr.App.1989) (review of ruling made outside presence of jury was waived when defendant said, "No objection" to offer of evidence in presence of jury). *See generally Leday v. State*, 983 S.W.2d 713, 715–20 (Tex.Cr.App. 1998) (discussing doctrines that defeat review after proper objection).

12. James W. McElhaney, McElhaney's Trial Notebook 236 (2d ed.1987). *See State v.*

*Skiles*, 938 S.W.2d 447, 451, 455 (Tex.Cr.App. 1997) (prosecutor began every question with "Okay").

13. *Cf., e.g., Howard v. State*, 941 S.W.2d 102, 109 (Tex.Cr.App.1996) (no suggestion of waiver when defense counsel said "okay" three times after adverse ruling); *Marquez v. State*, 921 S.W.2d 217, 219 (Tex.Cr.App.1996) (no suggestion of waiver when defense counsel said "okay" after adverse ruling).