TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00423-CR






Roberto Gonzales, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. 9024070, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 A jury convicted appellant Roberto Gonzales of two counts of aggravated sexual
assault of a child, see Tex. Pen. Code Ann. § 22.021 (West 2003), indecency with a child by contact,
see id. § 21.11(a)(1), and indecency with a child by exposure, see id. § 21.11(a)(2). The district court
assessed prison terms of forty-five years for the aggravated assaults, twenty years for the indecency
by contact, and ten years for the indecency by exposure. Appellant raises two points of error on
appeal, contending that the district court abused its discretion by: (1) allowing the admission of a
video-taped confession which also contained testimony regarding past crimes committed by
appellant; and (2) allowing the testimony from a State's expert who was not properly identified
pretrial on the State's witness list. We will affirm the judgment of the district court.


BACKGROUND

The complainant in this case--a sixteen-year-old girl at the time of trial--alleged that
on several occasions appellant sexually assaulted her beginning ten years earlier. At the time the 
assaults began, the complainant's mother and appellant were romantically involved. Six years after
the sexual assaults ceased, the complainant saw appellant in public and she then for the first time told
her mother that appellant had sexually abused her during the time that the complainant's mother was
romantically involved with appellant. With the assistance of her family and counselors, the
complainant sought to have the appellant prosecuted.

After the complainant came forward to authorities, Austin Police Department
Detective Todd Gage asked appellant to meet him in his office for an interview. Appellant
consented and Detective Gage obtained appellant's permission to videotape the interview. During
the course of the interview, appellant confessed to sexually assaulting not only the complainant, but
also her sister. Appellant then signed a written confession. Pretrial, appellant filed two separate
motions in limine seeking to restrict the State from referring to any prior criminal offenses
committed by appellant. The trial court granted both motions.

At trial, appellant complained that the jury was allowed to hear portions of the
videotaped confession which related to appellant's parole status for an unrelated burglary charge and
to the statement regarding appellant's confession of sexually assaulting the complainant's sister, in
violation of his motions in limine. Appellant also complained at trial of the admission of testimony
from an expert witness for the State. Appellant claimed that the admission of the video tape and the
expert testimony impermissibly prejudiced his defense. All of his objections were overruled. On
appeal, appellant argues that the district court abused its discretion.


DISCUSSION

Confession

 In his first point of error, appellant contends that the district court erred by admitting
the videotaped confession in which appellant disclosed his parole status for burglary, and admitted
to assaulting the complainant's sister during the same time period he allegedly sexually assaulted the
complainant. When the State played the portion of the videotaped confession which contained
references to appellant's prior criminal acts, appellant objected. The parties had agreed that the State
would "fast-forward" through the sections of the video that contained inadmissible evidence. 
According to appellant, the State failed to carefully edit and redact, and thus the jury heard
inadmissible evidence regarding the extraneous criminal acts mentioned above. Appellant argues
that the videotape as shown, violated his motions in limine (1) and that there was a risk of prejudicial
effect on the jury. Appellant claims that the video contained portions which the jury should not have
been allowed to hear. The State responds that appellant failed to preserve error regarding the
admission of the videotaped confession. We agree with the State and will therefore overrule
appellant's first point of error.

 In order to preserve error on appeal, a party must obtain an adverse ruling from the
trial court or object to the trial court's refusal to rule. A party must have presented to the trial court
and obtained a ruling upon the party's timely request, objection or motion, stating the specific
grounds for the ruling that the party desired the court to make if the specific grounds were not
apparent from the context. See Tex. R. App. P. 33.1(a)(2)(A) & (B); Long v. State, 800 S.W.2d 545,
548 (Tex. Crim. App. 1990). The specific objection is required to inform the trial judge of the basis
of the objection and afford the judge the opportunity to rule on it. Crane v. State, 786 S.W.2d 338,
345 (Tex. Crim. App. 1990) (citing Purtell v. State, 761 S.W.2d 360, 365 (Tex. Crim. App. 1988)). 
Moreover, the specific objection requirement serves the purpose of affording opposing counsel an
opportunity to remove the objection or to supply other testimony that would not be the subject of
objection. Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). Further, the objection
must be made in a timely fashion, or at the earliest possible opportunity, and the failure to do so
constitutes a waiver of the complaint. Stevens v. State, 671 S.W.2d 517, 521 (Tex. Crim. App.
1984). Finally, the party asserting the objection must pursue the matter to the point of receiving an
adverse ruling from the trial court. Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). 
When the motions in limine were violated, there should have been a request for an instruction to
disregard, and a motion for a mistrial if an instruction to disregard had been given. Nethery v. State,
692 S.W.2d 686, 701 (Tex. Crim. App. 1985). The proper method of pursuing an objection to an
adverse ruling has three parts. They are: (1) object and, if the objection is sustained; (2) request an
instruction to disregard and, if granted; (3) move for a mistrial. Fuller v. State, 827 S.W.2d 919, 926
(Tex. Crim. App. 1992). 

 Here, appellant failed to receive any adverse ruling on any of the above-mentioned
steps to preserve error. See Tucker, 990 S.W.2d at 262. The record indicates that although appellant
did object, the trial court was inclined to offer a limiting instruction to the jury to disregard such
portion of the testimony that may have been otherwise inadmissible. The trial court stated, "I have
an instruction and I will give it as you request. I will give it now . . . and in the charge, . . . or I will
even adapt it to say [the jury] shall not consider [the extraneous evidence] for any purpose and
disregard it completely." Counsel for appellant responded, "I don't want to, Judge. I'm going to do
nothing. I don't want to make a big deal out of it." Thus, the trial court offered appellant an
opportunity to cure the error of the admission of the inadmissible portions of the videotaped
confession. See Torres v. State, 491 S.W.2d 126, 128 (Tex. Crim. App. 1975). However, appellant
declined the trial court's offer for the instruction, (2) and because appellant did not affirmatively obtain
an adverse ruling from the trial court, we conclude that appellant did not preserve error for this point
on appeal. We overrule appellant's first point of error.


Admission of Expert Testimony

 In his second point of error, appellant complains that the district court erred in
allowing the testimony of an expert witness for the State who was not on the State's pretrial witness
list. The State had designated Dr. Vivian Lewis-Heine as a potential expert witness. However,
because Dr. Lewis-Heine was unavailable to testify, the State substituted Dr. William Lee Carter. 
At trial, appellant objected and argued that the State had not updated its witness list prior to the
beginning of trial to include the name of Dr. Carter, nor had the State "even bothered to inform
defense counsel of the witness change until [the State] called Dr. Carter to the stand." The district
court determined that the witness could testify because Carter's testimony was to be substantially
the same as would have been given by Dr. Lewis-Heine. According to appellant, the surprise nature
of the expert testimony of Dr. Carter was damaging because appellant was not able to properly
prepare for the witness's cross-examination. At trial, appellant argued, "It's a surprise. It's undue
surprise. And I'm asking that . . . the proper sanction is to exclude that witness."

 If a witness whose name is not on a witness list furnished to the defendant is
permitted to testify, the standard of review is whether the trial court abused its discretion in allowing
the witness to testify. Bridge v. State, 726 S.W.2d 558, 566 (Tex. Crim. App. 1986). An appellate
court may reverse a trial court's decision for an abuse of discretion only when it appears that the
court applied an erroneous legal standard, or when no reasonable view of the record could support
the trial court's conclusion under the correct law and the facts viewed in the light most favorable to
its conclusion. Guzman v. State, 955 S.W.2d 85, 89-90 (Tex. Crim. App. 1997). Even if the
appellate court would have reached a different result, it should not intercede as long as the trial
court's ruling was within the "zone of reasonable disagreement." Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991) (op. on reh'g). 

 The primary factors to consider in determining whether a trial court has abused its
discretion include whether there is a showing of bad faith on the part of the State and whether the
defendant could reasonably anticipate that the witness would testify, despite the omission of his or
her name from the witness list. Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981). (3) 
However, a defendant's ability to reasonably anticipate that a witness will testify is "merely a factor
to be considered, it is not, by itself, determinative of whether the trial court abused its discretion." 
Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989). We agree with the State that the critical
factor is whether or not an unexpected witness meaningfully hampers the defense's preparation. 

 Here, the State indicated that the testimony of Dr. Carter would be substantially the
same as that of Dr. Lewis-Heine, and in fact would be shorter because Dr. Carter would be testifying
only on the psychological traits of a victim of sexual abuse whereas Dr. Lewis-Heine was to testify
additionally about the characteristics of the sexual abuser. The court found that the testimony of Dr.
Carter would be substantially the same as the testimony that Dr. Lewis-Heine would have given had
she been present. We recognize that the very nature of this science suggests that expert opinions are
likely to vary notwithstanding the fact that appellant could have reasonably anticipated that the State
would call an expert witness to testify about the psychological traits of a sexual abuse victim. 
Nonetheless, we must also consider that a copy of Dr. Carter's curriculum vitae was given to
appellant, and the district court asked appellant if he would like to conduct a voir dire examination
of Dr. Carter. Appellant declined to do so. Nor did appellant move for a continuance in order to
interview the witness or further determine the matters about which he was to testify. Having failed
to do so, appellant cannot now complain that the testimony resulted in surprise. Barnes v. State, 876
S.W.2d 316, 328 (Tex. Crim. App. 1994). We conclude that appellant's opportunity to prepare for
trial was not undermined. See Stoker, 788 S.W.2d at 15. Accordingly, we hold that the district court
did not abuse its discretion by allowing the State to substitute Dr. Carter in place of Dr. Lewis-Heine.
 

CONCLUSION

 Having overruled appellant's points of error, we affirm the judgment of the district
court.


 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 11, 2003

Do Not Publish

1. Although the trial court granted both of appellant's motions in limine, it is well established
that a motion in limine does not take the place of a timely objection and does not preserve error,
whether the motion is granted or denied. McDuff v. State, 939 S.W.2d 607, 618 (Tex. Crim. App.
1997); Romo v. State, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979).
2. The court of criminal appeals made clear in Fuller that strict adherence to the order of the
above steps is not necessary, as long as at some point during the process an adverse ruling is obtained
from the court in order to preserve error. Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim. App.
1992). Thus, if appellant believed that the limiting instruction would have emphasized the
confession of prior acts in the mind of the jury, then he could have moved for a mistrial. Id. In the
event that the motion for mistrial had been denied, appellant would have preserved the error because
an adverse ruling would have been issued by the trial court. See Cooks v. State, 844 S.W.2d 697,
727 (Tex. Crim. App. 1992). Here, appellant received the opportunity for an instruction, but because
he declined the instruction and did not move for a mistrial, he did not preserve error.
3. Appellant does not complain that bad faith was involved in the changing of expert witnesses
at trial. Accordingly, we will only address the issue of whether appellant could have reasonably
anticipated the testimony of an expert witness other than the witness on the witness list.