# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00423-CR

Roberto Gonzales, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 9024070, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

# M E M O R A N D U M   O P I N I O N

A jury convicted appellant Roberto Gonzales of two counts of aggravated sexual assault of a child, *see* Tex. Pen. Code Ann. § 22.021 (West 2003), indecency with a child by contact, *see id*. § 21.11(a)(1), and indecency with a child by exposure, *see id*. § 21.11(a)(2). The district court assessed prison terms of forty-five years for the aggravated assaults, twenty years for the indecency by contact, and ten years for the indecency by exposure. Appellant raises two points of error on appeal, contending that the district court abused its discretion by: (1) allowing the admission of a video-taped confession which also contained testimony regarding past crimes committed by appellant; and (2) allowing the testimony from a State's expert who was not properly identified pretrial on the State's witness list. We will affirm the judgment of the district court.

## BACKGROUND

The complainant in this case—a sixteen-year-old girl at the time of trial—alleged that on several occasions appellant sexually assaulted her beginning ten years earlier. At the time the assaults began, the complainant's mother and appellant were romantically involved. Six years after the sexual assaults ceased, the complainant saw appellant in public and she then for the first time told her mother that appellant had sexually abused her during the time that the complainant's mother was romantically involved with appellant. With the assistance of her family and counselors, the complainant sought to have the appellant prosecuted.

After the complainant came forward to authorities, Austin Police Department Detective Todd Gage asked appellant to meet him in his office for an interview. Appellant consented and Detective Gage obtained appellant's permission to videotape the interview. During the course of the interview, appellant confessed to sexually assaulting not only the complainant, but also her sister. Appellant then signed a written confession. Pretrial, appellant filed two separate motions *in limine* seeking to restrict the State from referring to any prior criminal offenses committed by appellant. The trial court granted both motions.

At trial, appellant complained that the jury was allowed to hear portions of the videotaped confession which related to appellant's parole status for an unrelated burglary charge and to the statement regarding appellant's confession of sexually assaulting the complainant's sister, in violation of his motions in limine. Appellant also complained at trial of the admission of testimony from an expert witness for the State. Appellant claimed that the admission of the video tape and the

2

expert testimony impermissibly prejudiced his defense.  All of his objections were overruled.  On appeal, appellant argues that the district court abused its discretion.

## DISCUSSION

*Confession*

In his first point of error, appellant contends that the district court erred by admitting the videotaped confession in which appellant disclosed his parole status for burglary, and admitted to assaulting the complainant's sister during the same time period he allegedly sexually assaulted the complainant.  When the State played the portion of the videotaped confession which contained references to appellant's prior criminal acts, appellant objected.  The parties had agreed that the State would "fast-forward" through the sections of the video that contained inadmissible evidence. According to appellant, the State failed to carefully edit and redact, and thus the jury heard inadmissible evidence regarding the extraneous criminal acts mentioned above.  Appellant argues that the videotape as shown, violated his motions in limine[1] and that there was a risk of prejudicial effect on the jury.  Appellant claims that the video contained portions which the jury should not have been allowed to hear.  The State responds that appellant failed to preserve error regarding the admission of the videotaped confession.  We agree with the State and will therefore overrule appellant's first point of error.

---

[1] Although the trial court granted both of appellant's motions in limine, it is well established that a motion in limine does not take the place of a timely objection and does not preserve error, whether the motion is granted or denied.  *McDuff v. State*, 939 S.W.2d 607, 618 (Tex. Crim. App. 1997); *Romo v. State*, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979).

In order to preserve error on appeal, a party must obtain an adverse ruling from the trial court or object to the trial court's refusal to rule. A party must have presented to the trial court and obtained a ruling upon the party's timely request, objection or motion, stating the specific grounds for the ruling that the party desired the court to make if the specific grounds were not apparent from the context. *See* Tex. R. App. P. 33.1(a)(2)(A) & (B); *Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990). The specific objection is required to inform the trial judge of the basis of the objection and afford the judge the opportunity to rule on it. *Crane v. State*, 786 S.W.2d 338, 345 (Tex. Crim. App. 1990) (citing *Purtell v. State*, 761 S.W.2d 360, 365 (Tex. Crim. App. 1988)). Moreover, the specific objection requirement serves the purpose of affording opposing counsel an opportunity to remove the objection or to supply other testimony that would not be the subject of objection. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). Further, the objection must be made in a timely fashion, or at the earliest possible opportunity, and the failure to do so constitutes a waiver of the complaint. *Stevens v. State*, 671 S.W.2d 517, 521 (Tex. Crim. App. 1984). Finally, the party asserting the objection must pursue the matter to the point of receiving an adverse ruling from the trial court. *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). When the motions in limine were violated, there should have been a request for an instruction to disregard, and a motion for a mistrial if an instruction to disregard had been given. *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985). The proper method of pursuing an objection to an adverse ruling has three parts. They are: (1) object and, if the objection is sustained; (2) request an instruction to disregard and, if granted; (3) move for a mistrial. *Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992).

4

Here, appellant failed to receive any adverse ruling on any of the above-mentioned steps to preserve error. *See Tucker*, 990 S.W.2d at 262. The record indicates that although appellant did object, the trial court was inclined to offer a limiting instruction to the jury to disregard such portion of the testimony that may have been otherwise inadmissible. The trial court stated, "I have an instruction and I will give it as you request. I will give it now . . . and in the charge, . . . or I will even adapt it to say [the jury] shall not consider [the extraneous evidence] for any purpose and disregard it completely." Counsel for appellant responded, "I don't want to, Judge. I'm going to do nothing. I don't want to make a big deal out of it." Thus, the trial court offered appellant an opportunity to cure the error of the admission of the inadmissible portions of the videotaped confession. *See Torres v. State*, 491 S.W.2d 126, 128 (Tex. Crim. App. 1975). However, appellant declined the trial court's offer for the instruction,[2] and because appellant did not affirmatively obtain an adverse ruling from the trial court, we conclude that appellant did not preserve error for this point on appeal. We overrule appellant's first point of error.

---

[2] The court of criminal appeals made clear in *Fuller* that strict adherence to the order of the above steps is not necessary, as long as at some point during the process an adverse ruling is obtained from the court in order to preserve error. *Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992). Thus, if appellant believed that the limiting instruction would have emphasized the confession of prior acts in the mind of the jury, then he could have moved for a mistrial. *Id*. In the event that the motion for mistrial had been denied, appellant would have preserved the error because an adverse ruling would have been issued by the trial court. *See Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). Here, appellant received the opportunity for an instruction, but because he declined the instruction and did not move for a mistrial, he did not preserve error.

*Admission of Expert Testimony*

In his second point of error, appellant complains that the district court erred in allowing the testimony of an expert witness for the State who was not on the State's pretrial witness list. The State had designated Dr. Vivian Lewis-Heine as a potential expert witness. However, because Dr. Lewis-Heine was unavailable to testify, the State substituted Dr. William Lee Carter. At trial, appellant objected and argued that the State had not updated its witness list prior to the beginning of trial to include the name of Dr. Carter, nor had the State "even bothered to inform defense counsel of the witness change until [the State] called Dr. Carter to the stand." The district court determined that the witness could testify because Carter's testimony was to be substantially the same as would have been given by Dr. Lewis-Heine. According to appellant, the surprise nature of the expert testimony of Dr. Carter was damaging because appellant was not able to properly prepare for the witness's cross-examination. At trial, appellant argued, "It's a surprise. It's undue surprise. And I'm asking that . . . the proper sanction is to exclude that witness."

If a witness whose name is not on a witness list furnished to the defendant is permitted to testify, the standard of review is whether the trial court abused its discretion in allowing the witness to testify. *Bridge v. State*, 726 S.W.2d 558, 566 (Tex. Crim. App. 1986). An appellate court may reverse a trial court's decision for an abuse of discretion only when it appears that the court applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its conclusion. *Guzman v. State*, 955 S.W.2d 85, 89-90 (Tex. Crim. App. 1997). Even if the appellate court would have reached a different result, it should not intercede as long as the trial

6

court's ruling was within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

The primary factors to consider in determining whether a trial court has abused its discretion include whether there is a showing of bad faith on the part of the State and whether the defendant could reasonably anticipate that the witness would testify, despite the omission of his or her name from the witness list. *Hightower v. State*, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981).[3] However, a defendant's ability to reasonably anticipate that a witness will testify is "merely a factor to be considered, it is not, by itself, determinative of whether the trial court abused its discretion." *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989). We agree with the State that the critical factor is whether or not an unexpected witness meaningfully hampers the defense's preparation.

Here, the State indicated that the testimony of Dr. Carter would be substantially the same as that of Dr. Lewis-Heine, and in fact would be shorter because Dr. Carter would be testifying only on the psychological traits of a victim of sexual abuse whereas Dr. Lewis-Heine was to testify additionally about the characteristics of the sexual abuser. The court found that the testimony of Dr. Carter would be substantially the same as the testimony that Dr. Lewis-Heine would have given had she been present. We recognize that the very nature of this science suggests that expert opinions are likely to vary notwithstanding the fact that appellant could have reasonably anticipated that the State would call an expert witness to testify about the psychological traits of a sexual abuse victim. Nonetheless, we must also consider that a copy of Dr. Carter's *curriculum vitae* was given to

---

[3] Appellant does not complain that bad faith was involved in the changing of expert witnesses at trial. Accordingly, we will only address the issue of whether appellant could have reasonably anticipated the testimony of an expert witness other than the witness on the witness list.

7

appellant, and the district court asked appellant if he would like to conduct a voir dire examination of Dr. Carter. Appellant declined to do so. Nor did appellant move for a continuance in order to interview the witness or further determine the matters about which he was to testify. Having failed to do so, appellant cannot now complain that the testimony resulted in surprise. *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994). We conclude that appellant's opportunity to prepare for trial was not undermined. *See Stoker*, 788 S.W.2d at 15. Accordingly, we hold that the district court did not abuse its discretion by allowing the State to substitute Dr. Carter in place of Dr. Lewis-Heine.

## CONCLUSION

Having overruled appellant's points of error, we affirm the judgment of the district court.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 11, 2003

Do Not Publish

8