Becker v. State
















COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


)
ORLANDO MATEO TEMPLE,                      )                  No. 08-03-00111-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  238th District Court
)
THE STATE OF TEXAS,                                   )                  of Midland County, Texas
)
                                    Appellee.                          )                  (TC# CR27722)


O P I N I O N

            Orlando Mateo Temple appeals his convictions on three counts of possession of cocaine with
intent to deliver. A jury found Appellant guilty and assessed punishment at a fine of $10,000 and
imprisonment for a term of forty years (Count I), a fine of $10,000 and imprisonment for a term of
twenty years (Count II), and a fine of $10,000 and imprisonment for a term of forty years (Count III). 
We affirm.
FACTUAL SUMMARY
            On May 11, 2002, Detective David Glenn and several other police officers executed a search
warrant at Appellant’s residence. They found cocaine, marihuana, $986 in currency, scales with
cocaine residue on them, and packaging materials used in the distribution of cocaine. The cocaine
found during this search served as the basis for Count I of the indictment.
            Four days later, Midland police stopped Appellant in his vehicle after he sold cocaine to an
undercover police officer. In Appellant’s pockets, the patrol officer found cocaine and $680 in
currency, including the buy money. He also found a silver tray and strainer on the floorboard of the
vehicle.


 The cocaine found during this search formed the basis for Count II. Finally, on June 14,
2002, Midland police officers followed a female who was trying to get away from them through the
open door of Appellant’s residence. They secured the female and obtained consent to search from
Appellant who was standing in the doorway. They found marihuana and cocaine in the living room. 
The cocaine seized during this search formed the basis for Count III of the indictment.
INEFFECTIVE ASSISTANCE
            In Point of Error One, Appellant contends that he was denied the effective assistance of
counsel at trial when his attorney failed to object to the warrantless search of his residence on
June 14, 2002. The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel’s performance was deficient, to the extent that counsel failed to function as the “counsel”
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
The defendant must demonstrate that his attorney’s representation fell below an objective standard
of reasonableness under prevailing professional norms. Vasquez v. State, 830 S.W.2d 948, 949
(Tex.Crim.App. 1992). Under the second prong, the defendant must establish that counsel’s
deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80
L.Ed.2d at 693; Jackson, 877 S.W.2d at 771. Prejudice is established by a showing that there is a
reasonable probability that but for counsel’s unprofessional errors, the result of the proceeding would
have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877
S.W.2d at 771; Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771. Under the Strickland test,
the appellant bears the burden of proving ineffective assistance by a preponderance of the evidence.
Jackson, 877 S.W.2d at 771; Calderon v. State, 950 S.W.2d 121, 126 (Tex.App.--El Paso 1997, no
pet.).
            When we review a claim of ineffective assistance of trial counsel, we must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable, professional assistance
and the appellant must overcome the presumption that the challenged conduct can be considered
sound trial strategy. Jackson, 877 S.W.2d at 771; Calderon, 950 S.W.2d at 126. Under normal
circumstances, the record on direct appeal will not be sufficient to show that counsel’s representation
was so deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. See Mitchell v. State, 68
S.W.3d 640, 642 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808, 814 (Tex.Crim.App.
1999). An appellant challenging trial counsel’s performance therefore faces a difficult burden and
“a substantial risk of failure.” See Thompson, 9 S.W.3d at 813.
            Appellant did not raise his complaint in a motion for new trial. Consequently, counsel has
not been provided with the opportunity to respond to Appellant’s claims of deficient performance
and the record is silent with respect to the basis for counsel’s decisions. Appellant asserts that
exigent circumstances did not exist to justify the initial entry into Appellant’s open doorway to seize
the female, but the record on this issue is not developed since Appellant did not object at trial. There
is some evidence to suggest that exigent circumstances may have existed. We will not assume from
an incomplete record that the search is illegal. Although we are not required to speculate regarding
counsel’s trial strategy, counsel may have concluded that the State would be able to prove that
exigent circumstances existed to justify the entry, and therefore, a motion to suppress would have
been unsuccessful. Under these circumstances, Appellant has failed to rebut the presumption that
counsel’s conduct falls within the wide range of reasonable, professional assistance. Point of Error
One is overruled.
EXTRANEOUS OFFENSES
            In his second point of error, Appellant contends that the trial court abused its discretion by
admitting extraneous offense evidence that Appellant possessed marihuana on May 11, 2002 and
June 14, 2002. The State asserts that Appellant failed to preserve error by objecting each time
objectionable evidence was offered.
Preservation of Error
            As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion, and the trial court
ruled on the request, objection, or motion. Tex.R.App.P. 33.1(a)(1) and (2); Tucker v. State, 990
S.W.2d 261, 262 (Tex.Crim.App. 1999). Further, a party must continue to object every time
inadmissible evidence is offered. Ethington v. State, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991);
Gillum v. State, 888 S.W.2d 281, 285 (Tex.App.--El Paso 1994, pet. ref’d); Tex.R.App.P. 33.1. 
Error in the admission of evidence is cured when the same evidence is admitted elsewhere without
objection. Ethington, 819 S.W.2d at 858; Hudson v. State, 675 S.W.2d 507, 511 (Tex.Crim.App.
1984). There are two exceptions to the requirement that a party object each and every time
inadmissible evidence is offered: (1) a running objection, or (2) an objection made outside the
presence of the jury to all the testimony he deemed objectionable as permitted by Rule 103(a)(1). 
See Ethington, 819 S.W.2d at 858-59 (discussing similar provision in former Rule 52(a) of Rules
of Appellate Procedure); Gillum, 888 S.W.2d at 285.
            Appellant filed a motion in limine regarding extraneous offenses. During Detective Glenn’s
testimony about the May 11, 2002 search, the prosecutor approached the bench in compliance with
the motion in limine to inform the court and Appellant that she was about to go into the portion of
Glenn’s testimony dealing with the seizure of evidence. Appellant objected that the evidence
regarding the marihuana found in the house was highly prejudicial. Based on the prosecutor’s
explanation that the cocaine and marihuana were found together, the court overruled Appellant’s
objection. 
            The prosecutor then questioned Glenn about numerous photographs, including State’s
Exhibit 21 which depicted currency and a plastic baggie of marihuana found in a file cabinet. 
Appellant stated he had no objection to State’s Exhibit 21 and the trial court admitted it. Appellant
repeated his extraneous offense objection to State’s Exhibit 16, a photograph depicting cocaine,
marihuana, and plastic baggies found in a dresser drawer. However, Appellant did not object when
Detective Robby Mobley testified that they found marihuana in Appellant’s house during the June
14, 2002 search. 
            By stating that he had “no objection” to State’s Exhibit 21, Appellant waived the complaint
which he had preserved outside of the jury’s presence. See Dean v. State, 749 S.W.2d 80, 83
(Tex.Crim.App. 1988); Gearing v. State, 685 S.W.2d 326, 329 (Tex.Crim.App. 1985), overruled on
other grounds, Woods v. State, 956 S.W.2d 33 (Tex.Crim.App. 1997); Traylor v. State, 855 S.W.2d
25, 26 (Tex.App.--El Paso 1993, no pet.). While Appellant preserved his complaint with respect to
State’s Exhibit 16, he did not continue to object each and every time the allegedly inadmissible
evidence was offered. Therefore, he has waived his complaint on appeal. See Ethington, 819
S.W.2d at 858. Point of Error Two is overruled. Having overruled both points of error, we affirm
the judgment of the trial court.


August 26, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)