Opinion issued January 6, 2005.








In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00834-CR




MARK OTTO KOSLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1127903




MEMORANDUM OPINION
 
          A jury found appellant, Mark Otto Kosler, guilty of assault and assessed
punishment at 30 days confinement in the Harris County Jail. Appellant’s sentence
was suspended, and he was placed on community supervision for 60 days. In his sole
point of error, appellant contends that the trial court erred in allowing testimony that
appellant had committed numerous extraneous offenses. We affirm.
Background
          On July 7, 2002, appellant moved out of the family home because he and his
wife, Cindy, were getting a divorce. Cindy testified that appellant left because she
threatened to call the police after he assaulted her earlier that day. She also testified
that, when appellant returned to the house a couple of weeks later, she and appellant
had an argument. 
          A week later, Cindy was collecting garage sale signs she had placed around the
neighborhood. As she was stopped near the entrance to their subdivision, appellant
approached Cindy’s car and threatened her. She began driving toward her house to
get away from appellant. Appellant followed in his car. As she attempted to run into
the house, appellant grabbed the back of her hair. Appellant hit Cindy on the side of
her head. She briefly escaped and attempted to call 911. She could not complete the
call because appellant pulled the telephone out of the wall and began to beat her over
the head with the telephone. Appellant dragged Cindy into another room and
continued to beat her. Appellant eventually left when Cindy told him that a neighbor
was going to call the police.
 
Extraneous Offenses
          In his sole issue, appellant contends that the trial court erred on four occasions
in allowing Cindy to volunteer unsubstantiated testimony that appellant had
committed numerous extraneous offenses.
          The general prerequisite to presenting a complaint for appellate review is a
showing in the record that (1) the complaint was made to the trial court by a request,
objection, or motion that was timely and sufficiently specific to make the trial court
aware of the grounds of complaint, and (2) the trial court ruled adversely (or refused
to rule, despite objection). Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App.
1999) (en banc). Absent any objection, any error in admission of an extraneous
offense is waived. Schwartz v. Forest Pharmaceuticals, 127 S.W.2d 118, 123 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied). If counsel does not pursue the
objection to an adverse ruling, error is not preserved. Tex. R. App. P. 33.1(a)(1); see
also Tucker, 990 S.W.2d at 262.
          In this case, appellant waived error when he failed to properly object to three
of the extraneous offenses he now complains of on appeal. With respect to the fourth
extraneous offense, appellant received the relief that he had requested from the court.
Statement #1
           Appellant’s counsel asked, “Was that condition


 caused at birth or sometime
after birth?” Cindy replied, “After birth, yes. From a blow to the nose.” Appellant’s
counsel then asked, “From a car wreck?” Cindy responded, “Well, no, not from a car
wreck. From a fist.” Cindy further responded that her injury was a result of the
assault on July 28th. Appellant’s counsel waived error in the admission of this
testimony because he failed to object to it. See Tex. R. App. P. 33.1(a)(1).
Statement #2
          Appellant’s counsel asked, “And did [appellant move out] voluntarily?” Cindy
responded, “Well I told him that it was either that or I would call the cops from him
beating me up. I was beat up on [the day he moved out] as well.” Appellant’s
counsel failed to object. Accordingly, because he failed to make the proper objection,
appellant’s counsel waived any error in the admission of this testimony. See id.
Statement #3
          Cindy testified that she and appellant had argued on July 26th, but “he didn’t
beat me that day.” Here, appellant’s counsel failed to object to this testimony as an
extraneous offense. As a result, appellant’s counsel waived error and presents
nothing for review on appeal. See id.
Statement #4
           Finally, appellant’s counsel asked, “Well, wouldn’t you think that out in front
of your house would be safer for you, than you would be in your house?” Cindy
replied, “Well, he’s beaten me up at Astroworld before, so I would say ‘no’ to that.” 
Appellant’s counsel objected, “Well, your Honor, I’m going to object to that. That’s
not before the Court.” The trial court sustained the objection. To preserve error, an
objection must be timely, specific, and pursued to an adverse ruling. Geuder v. State,
115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Because appellant did not obtain an
adverse ruling on his objection, he did not preserve his point of error on appeal. See
Tex. R. App. P. 33.1. Accordingly, we overrule appellant’s sole point of error.Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.