NO. 07-07-0423-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 23, 2007

______________________________

KOREE DAWN EDWARDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,653-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Koree Dawn Edwards, filed a notice of appeal challenging her conviction and sentence.  Sentence was imposed in open court on June 19, 2007, and a Motion for New Trial was filed on July 6, 2007.  We dismiss for want of jurisdiction.

In a criminal case where a motion for new trial is filed, the notice of appeal must be filed within 90 days after the date sentence is imposed.  Tex. R. App. P. 26.2(a)(2).  The time within which to file the notice may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  Tex. R. App. P. 26.3.  

Appellant’s notice of appeal was due to be filed on September 19, 2007, but was not filed with the trial court clerk until October 12, 2007, well outside the fifteen-day extension period.  Appellant’s appointed counsel explained by letter that the untimely notice of appeal was due to his error.  Attached to the letter is a copy of Appellant’s Pauper’s Oath on Appeal and Order Appointing Counsel signed by her on June 19, 2007
.  Counsel requests that the untimely notice “relate back” to that document as Appellant’s declaration of intent to appeal. 

A notice of appeal which complies with the Texas Rules of Appellate Procedure is essential to vest this Court with jurisdiction.  
See
 
Slaton v. State
, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998).
 
If an appeal is not timely perfected, this Court does not obtain jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  
Id. 
at 210.  

Rule 2 of the Texas Rules of Appellate Procedure provides that an appellate court may - to expedite a decision or for other good cause - suspend a rule’s operation in a particular case and order a different procedure.  However, this rule cannot be invoked to create jurisdiction where none exists.  
Olivo v. State
, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996)(noting that Rule 2(b)[current Rule 2] or Rule 83 [current rule 44.3] could not be invoked to create jurisdiction where none exists).  
This Court has no authority to accept a signed Pauper’s Oath on Appeal 
in lieu of a timely notice of appeal.  To do so would obviate Rule 25.2(b) which requires the timely filing of a “sufficient notice of appeal.” 
 See also 
Tex. R. App. P. 25.2(c) (form and sufficiency of notice). 
 

We acknowledge that Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is also beyond the jurisdiction of this Court. 
See
 Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005).
  See also Ex parte Garcia
, 988 S.W.2d 240 (Tex.Crim.App. 1999). 

Consequently, we dismiss this appeal for want of jurisdiction. 

Patrick A. Pirtle

        Justice

Do not publish.

jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record demonstrates a different result is appropriate, we must defer to the jury's determination.  
Id
. at 8. 

Appellant admitted he drove the vehicle that struck and killed the victim.  He also conceded that he did not stop to check on the welfare of the victim.  Measuring appellant’s testimony against a hypothetically correct jury charge, we conclude it established that (1) he was involved in an accident resulting in injury to or death of a person; and that he did not (2) immediately stop the vehicle at, or immediately return it to, the scene of the accident or as close to the scene as possible; and (3) remain at the scene of the accident until he had complied with his duty to give information and render aid.  
See 
Tex. Trans. Code Ann. § 550.021(a).  Therefore, appellant’s testimony alone demonstrated beyond a reasonable doubt the elements of the offense of failure to stop and render aid.  Furthermore, appellant’s only defense to the charge with which he was convicted was that of duress.  
See
 Tex. Pen. Code Ann. § 8.05(a).  This, however, the jury was free to believe or disbelieve.  Goodman v. State, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001)(holding that it is the jury that accepts or rejects reasonably equal competing theories of a case).  Given appellant’s obvious interest in the outcome of the trial, and the State’s witnesses’ testimony that they did not threaten appellant, a rational jury was entitled to find that he had not proven his affirmative defense by a preponderance of the evidence.  
See
 Tex. Pen. Code Ann. § 2.04(d).  In short, the proof of appellant’s guilt is not so obviously weak as to undermine confidence in the jury’s determination.  
See King
, 29 S.W.3d, 556, 563. (Tex.Cr.App. 2000).  Neither do we find that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id
.  We, thus, find no arguable factual or legal sufficiency ground of error.  

6.  Closing Argument

 Appellant made no objections to the State’s closing arguments; therefore, he waived any error.  
See
 Tucker v. State, 990 S.W.2d 261, 262 (Tex.Cr.App. 1999).  Furthermore, we find no arguable error in the State’s closing arguments.

7.  Punishment Phase

 Again, a timely and reasonably specific objection is required to preserve error for appellate review.  Tex. R. App. P. 33.1(a); 
Hull
, 67 S.W.3d at 217.  Appellant did not object during the punishment phase on any basis; therefore, he waived any challenge to the sentence imposed.  
See
 Rhodes v. State, 934 S.W.2d 113, 120 (Tex.Cr.App. 1996).  Furthermore, the five year probated sentence and $5000 fine were within the range of punishment prescribed by statute.  
See
 Tex. Trans. Code Ann. § 550.021(c).  Resultantly, we find no arguable error in the punishment phase.  

8.  Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under that standard, a defendant must establish that:  (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) a reasonable probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003).  
Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994),
 cert. denied,
 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).  Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).  Generally, the record on direct appeal will not be sufficient to show that counsel's conduct was so deficient as to meet the first prong of the 
Strickland 
standard as the reasonableness of counsel's choices often involves facts that do not appear in the record.  
See
 Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).  Instead, an application for a post-conviction writ of 
habeas corpus
 is usually the appropriate manner in which to raise and develop claims based on ineffective assistance of counsel.  
Id
.  Here, the record contains no evidentiary support for any claim of ineffective assistance of counsel.  To the contrary, we conclude that the fact that appellant was acquitted of manslaughter, the higher degree offense charged in count one, is at least some evidence of trial counsel’s effectiveness.  Thus, having found no non-frivolous issues, we agree with counsel that the appeal is without merit.  Currie v. State, 516 S.W.2d at 684. 

Accordingly, the judgment of the trial court is affirmed, and counsel's motion to withdraw is granted. 

Don H. Reavis

    Justice

Do not publish.