**AFFIRM and Opinion Filed March 1, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00613-CR

### LUIS ARMANDO TALABERA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82303-2021**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

Luis Armando Talabera appeals his conviction for continuous sexual abuse of a child under 14 years of age. In two issues, appellant asserts that the trial court violated his constitutional and substantial rights by restricting his ability to present an alternate perpetrator defense. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

Appellant is the biological father of the complainant, L.T. In June 2019, appellant and L.T. left their homeland of Honduras and settled in Texas. L.T. was 12 years old at the time. Appellant and L.T. set up residence in a three bedroom home that was occupied by four other individuals, three of whom were men. When they moved in, one of the men gave up his room for L.T. He and appellant moved into a backyard shed that had been converted into a bedroom.

In January 2020, L.T. told a classmate and the principal of her school that appellant had been sexually abusing her. Thereafter, L.T. was forensically interviewed, during which she provided details of the alleged abuse. L.T. was then placed into foster care. An investigation ensued, and appellant was arrested and charged with continuous sexual abuse of a child. During the investigation, law enforcement officers collected items from the house to be processed as evidence, including a comforter they retrieved from L.T.'s room that belonged to the man who gave up his room for L.T. Law enforcement sent the comforter to a lab for forensic DNA analysis.

Appellant pleaded not guilty to the charged offense and elected to have a jury determine his guilt or innocence and to have the court assess punishment. Shortly before trial, the State received the DNA laboratory report, which excluded appellant as a contributor to the DNA profile from a sperm cell fraction extracted from the comforter. In anticipation of appellant's attempt to use the report as part of his

defense, the State presented an oral motion in limine asserting that the DNA results excluding appellant as a contributor did not automatically open the door for him to be able to get into the alternate perpetrator issue. The State asked that, at the very least, there be a full hearing on the admissibility of the DNA evidence before the jury heard anything about an alternate perpetrator. The State further clarified that, "We're not even trying to keep [DNA test results] out in this case. All we're trying to do is limine the Defense from saying that an alternate person did this, especially when there's no outcry." In response, appellant argued that the combination of several factors constituted evidence tending to show appellant was not the perpetrator, including another man's sperm on L.T.'s bedding and the presence of three other men in the house. The trial court took the State's motion in limine under advisement. No express ruling on the motion appears in the record.

At trial, L.T. testified that appellant sexually abused her from the time she was four years old until she was twelve. She gave explicit details of the abuse. The DNA analyst testified that three sperm cells were found on the comforter, and the DNA analysis on those cells excluded appellant as the source. The laboratory report was admitted into evidence. The jurors unanimously found appellant guilty of the offense of continuous sexual abuse of a child as charged in the indictment. The trial court assessed punishment at 50 years' confinement in the Texas Department of Criminal Justice Institutional Division. This appeal followed.

## DISCUSSION

Appellant acknowledges the trial court admitted the DNA Laboratory Report into evidence at trial and that the jury heard evidence concerning his and L.T.'s living arrangements. He nevertheless contends that the trial court violated his constitutional right, under the Fifth and Sixth Amendments to the U.S. Constitution, to present an alternate perpetrator defense. He also claims the trial court violated his substantial rights by misapplying Rule 403, which allows a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, or needlessly presenting cumulative evidence. *See* TEX. R. EVID. 403. The State responds asserting appellant failed to preserve his complaints for review because he did not raise them below and did not make any offers of proof with respect to his alternate perpetrator theory.

To preserve error for appellate review, a party must make a timely and specific objection or motion at trial, and there must be an adverse ruling by the trial court. TEX. R. APP. P. 33.1(a); *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). Failure to preserve error at trial forfeits the later assertion of that error on appeal. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). In fact, almost all error, even constitutional error, may be forfeited if the appellant failed to object. TEX. R. APP. P. 33.1(a); *Aldrich v. State*, 104 S.W.3d 890, 894–95 (Tex. Crim. App. 2003).

Assuming, as appellant urges, the trial court granted the State's motion in limine with respect to the alternate perpetrator defense, the grant of the motion is a preliminary matter and does not preserve error. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). The purpose of a motion in limine is to prevent matters from coming before the jury; such a motion is by its nature subject to reconsideration by the court throughout the course of trial. *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975). Typically, the grant of a motion in limine requires the proponent of the category of evidence that is the subject of the motion to approach the bench for hearing on its admissibility before offering it. *Rawlings v. State*, 874 S.W.2d 740, 743 (Tex. App.—Fort Worth 1994, no writ). Granting the motion is not reversible error; it is the subsequent exclusion of relevant evidence that may constitute reversible error. *See, e.g.*, *Fuller*, 253 S.W.3d at 232.

If any substantive evidence was excluded that affected appellant's constitutional or substantial rights, appellant was required to bring the matter to the trial court's attention. *Tucker*, 990 S.W.2d at 262. The record before us shows appellant failed to raise his constitutional and substantial right complaints below. Accordingly, appellant waived his complaints.

In addition, to the extent the trial court sustained an objection to a question that touched on the issue of an alternate perpetrator, to preserve error appellant was required to inform the court of the evidence's substance by an offer of proof or bill

of exception,[1] unless the substance was apparent from the context. TEX. R. EVID. 103(a)(2). Making an offer of proof enables an appellate court to determine whether the exclusion of the evidence was erroneous and harmful, and it allows the trial court to reconsider its ruling in light of the actual evidence. *See, e.g.*, *Stanley v. State*, 866 S.W.2d 306, 309 (Tex. App.—Houston [14th Dist.] 1993, no writ.).

The record reveals that when appellant attempted to elicit testimony that may have been relevant to an alternate perpetrator defense, he was either able to illicit an answer, or he withdrew the question upon the State's objection. At one point, the State, perceiving that appellant was about to get into the alternate perpetrator issue, objected and asked the trial court to admonish defense counsel that a hearing was required before he went any further down that road.[2] But appellant moved on and

---

[1] When the trial court prevents a defendant from eliciting certain specific responses from a witness, defense counsel preserves error by either (1) calling the witness to the stand outside the presence of the jury and having the witness answer specific questions, or (2) making an offer of proof on questions he would have asked and answers he might have received. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984).

[2] More particularly, the following exchange occurred:

[DEFENSE:] Did you - - at any point, was [the complainant] asked whether or not the other adult males living at the residence had engaged in any type of grooming behavior?

[FORENSIC INTERVIEWER:] Grooming behavior?

[DEFENSE:] Yes.

[FORENSIC INTERVIEWER:] She was not asked that specifically.

[STATE:] Your honor, at this point, I'm going to object. This goes down an alternate perpetrator line that we briefly discussed yesterday. And I ask the Court to admonish Defense that we need to have a hearing before he goes further down this road.

[DEFENSE:] Judge, I don't think I was going into that. I was just asking what questions he asked.

THE COURT: Sustained.

did not seek a hearing outside the presence of the jury to obtain permission to proceed down that road or obtain an adverse ruling. To the extent the trial court excluded any evidence of an alternate perpetrator, appellant did not make an offer of proof or a bill of exception to preserve for review the evidence appellant says the trial court refused to admit. *See* TEX. R. APP. P. 33.1(a) and TEX. R. EVID. 103(a)(2). Consequently, we overrule appellant's issues.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

210613F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LUIS ARMANDO TALABERA,
Appellant

No. 05-21-00613-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-82303-
2021.
Opinion delivered by Justice
Kennedy. Justices Carlyle and
Goldstein participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 1st day of March, 2023.