In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00161-CR


______________________________




JAN ALLISON ABEL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 36692-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Jan Allison Abel has appealed from her conviction on her open plea of guilty to the third-degree felony offense of driving while intoxicated. See Tex. Penal Code Ann. § 49.04 (Vernon
Supp. 2008). The trial court sentenced Abel to seven years' imprisonment, to run consecutively with
a companion case also on appeal before this Court in cause number 06-08-00160-CR, also decided
this date. See Tex. Penal Code Ann. § 12.34 (Vernon 2003).

 On appeal to this Court, Abel contends, in a single point of error, that the punishment
assessed is disproportionate to her crime. Abel's motion for new trial contains a contention that the
sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. (1) See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Abel's
sentence falls within the applicable range of two to ten years' imprisonment and a fine of up to
$10,000.00. See Tex. Penal Code Ann. § 12.34.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare Abel's sentence to
the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed
a similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Abel's claim of demonstrable error. Cf. Jackson, 989
S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar offenses
on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.




 Bailey C. Moseley

 Justice


Date Submitted: February 11, 2009

Date Decided: February 12, 2009


Do Not Publish
1. The trial court did not conduct a hearing on Abel's motion for new trial, which was overruled
by operation of law. See Tex. R. App. P. 21.8.



 was left lying on a roadway—that
are not apparent in the smaller snapshot; and the trial court concluded the larger image was helpful
to the jury in understanding Smith's condition after the beating. This has a heavier weight than it
might otherwise, because Smith did not die as an immediate result of the beating. He died of
secondary infections several months later.
            Once a defendant objects to photographic evidence on the basis of Rule 403, the trial court
must weigh its probative value against its potential for unfair prejudice. Narvaiz v. State, 840
S.W.2d 415, 429 (Tex. Crim. App. 1992). The photograph in question apparently depicted no more
than the gruesome nature of the injuries inflicted on Smith. Although a crime scene photograph may
be gruesome, that fact alone will rarely render the photograph necessarily inadmissible under Rule
403. Id. at 430; Long v. State, 823 S.W.2d 259, 272–73 (Tex. Crim. App. 1991). The trial court
"must consider the host of factors affecting probativeness . . . and balance those factors against the
tendency, if any, that the photographs have to encourage resolution of material issues on an
inappropriate emotional basis." Ladd v. State, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999).
            In this case, we find that the enlarged photograph had probative value and was not so
improperly prejudicial as to be outside the zone of reasonable disagreement as to its admissibility. 
The contention of error is overruled.
(2) Williams Preserved No Error Regarding the State's Jury Argument
            Williams next complains about comments made by the prosecutor during jury argument in
which he suggested that, had Williams called Williams' mother as a witness, the State could have
discredited her in cross-examination. Williams also complains of jury argument in which the
prosecutor described the attackers as animals.
            The general rule for presenting a complaint for appellate review is a showing in the record
that (1) the complaint was made to the trial court by a request, objection, or motion that was timely
and sufficiently specific to make the trial court aware of the grounds of complaint and (2) the trial
court ruled adversely (or refused to rule, despite objection). Tucker v. State, 990 S.W.2d 261, 262
(Tex. Crim. App. 1999). To reach the level of an adverse ruling, if the objection is sustained,
counsel must then ask for an instruction to disregard. If the instruction is given, counsel must then
move for a mistrial. Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); Coe v. State,
683 S.W.2d 431, 436 (Tex. Crim. App. 1984). If counsel does not pursue the objection to an adverse
ruling, error is not preserved. Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643 (Tex.
Crim. App. 1991).
            In each case raised on appeal, counsel objected to the prosecutor's comment, the objection
was sustained, and the trial court instructed the jury to disregard. No request for mistrial was made. 
No complaint was pursued to an adverse ruling. Thus, no claim of error was preserved for our
review.
            The contentions of error are overruled.
 
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 22, 2005
Date Decided:             October 5, 2005

Do Not Publish