

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00076-CR

VINCENT PRICE MCCOWAN, JR.                                    APPELLANT
A/K/A VINCENT PRICE MCCOWAN

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In two points, Appellant Vincent Price McCowan, Jr. a/k/a Vincent Price McCowan appeals his conviction for assault causing bodily injury to a family or household member with a prior conviction, a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A) (West 2011). We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

McCowan and Tuluara Ford had been dating for two or three years and living together when on December 25, 2009, they were involved in a domestic dispute that led to McCowan's prosecution in this cause. According to Ford, the argument began when they were at McCowan's mother's house on Christmas Eve. Ford said something to McCowan, who was "in one of his moods," and McCowan "raise[d] his hand to" Ford, but his brother stopped him from hitting her. After Ford and McCowan returned home, they began arguing about the television, and McCowan slapped Ford's face, causing her ear to ring. The two continued arguing, and McCowan hit Ford's face and head; Ford hit McCowan back. During the struggle, Ford reached for her cell phone to call the police, and they wrestled over the phone; McCowan fractured Ford's pinky finger and broke her phone.

Sometime after the two had cooled off, McCowan wanted to have sex with Ford, and when Ford refused, McCowan urinated on her while she lay in bed. After Ford showered, McCowan got in her face and headbutted her. McCowan told Ford that he wanted her to hit him, and when Ford pushed him, they started fighting again. When Ford realized that McCowan was too strong for her, she gave up and went to the living room to check on her daughter, but McCowan dragged Ford to the bathroom by her hair, causing some of her hair to come out, and kicked her side.

Later, Ford tried to use the computer to contact someone, but McCowan dropped part of the computer on the floor. After McCowan left the apartment, Ford found an old cell phone and managed to contact her cousin. Ford's mother and the police showed up later.

Ford testified at trial that in addition to a broken finger, she suffered contusions on her arms and head caused by McCowan and could not use her right hand for a while. Ford also confirmed that McCowan had pleaded guilty to assaulting her on October 26, 2007, and she described some of the facts underlying that conviction.

McCowan's version of events differed from Ford's. He testified that Ford attacked him with a razor while he was showering because she had discovered that he was cheating on her. McCowan claimed that he did not cause any of Ford's injuries and that he was the victim. During his cross-examination, McCowan mentioned that a Houston police officer had identified him as a member of a particular gang based on his tattoos, but he denied any current gang involvement. The State later called a rebuttal witness who testified that McCowan's tattoos are commonly associated with one particular gang.

A jury convicted McCowan and assessed his punishment at seven years' confinement.

3

## III. PRESERVATION OF ERROR

### A. Gang Tattoos Testimony

In his first point, McCowan argues that the trial court's admission of irrelevant testimony regarding gang tattoos on his body deprived him of his due process and due course of law rights under the federal and state constitutions.

A complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."). To determine whether the complaint on appeal comports with that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Clark*, 365 S.W.3d at 339; *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009). Constitutional errors are generally forfeited by failure to object at trial. *Clark*, 365 S.W.3d at 339 ("[I]f a party fails to properly object to constitutional errors at trial, these errors can be forfeited."); *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("[N]umerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."). Further, to preserve error, a party must continue to object each time the objectionable evidence is offered. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003);

4

*Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)).

Here, when the State called the witness to testify about McCowan's purported gang tattoos, McCowan objected that the testimony was more prejudicial than probative, presumably under rule 403. And when the State sought to admit photographs of McCowan's tattoos, he asserted a relevance objection. In neither instance did McCowan assert a due process or due course of law objection. McCowan also failed to continue objecting to the testimony about his tattoos, and he did not obtain a running objection or request a hearing outside the presence of the jury. McCowan thus failed to preserve this first point for appellate review. *See Clark*, 365 S.W.3d at 339; *Lovill*, 319 S.W.3d at 691–92. We overrule McCowan's first point.

**B.** **October 26, 2007 Judgment and Sentence and Underlying Facts**

In his second point, McCowan argues that he was denied his right to not be tried as a criminal in general because, although he stipulated to his October 26, 2007 conviction for assault–family violence, the trial court admitted the judgment and sentence and underlying facts of the prior conviction.

If a trial court hears objections to proffered evidence outside the jury's presence and rules that the evidence is admissible, the objections are deemed to apply to the evidence when it is admitted before the jury without the necessity of repeating the objections. Tex. R. Evid. 103(a)(1); *Haley v. State*, 173 S.W.3d 510, 517 (Tex. Crim. App. 2005); *Geuder*, 115 S.W.3d at 13–14; *Ethington*, 819

5

S.W.2d at 859. However, appellate review of a trial court's ruling on the admissibility of evidence made outside a jury's presence is forfeited if the defendant affirmatively asserts that he has "no objection" when the evidence is offered. *See James v. State*, 772 S.W.2d 84, 97 (Tex. Crim. App.), *vacated on other grounds*, 493 U.S. 885 (1989); *see also Tucker v. State*, 990 S.W.2d 261, 263 n.11 (Tex. Crim. App. 1999). Further, any error in the admission of evidence is cured when the same evidence is admitted elsewhere without objection. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004).

Here, at a pretrial hearing, McCowan objected when the State offered State's Exhibit 2, the judgment and sentence for the 2006 conviction, but when the State offered the same exhibit at trial, McCowan stated, "No objection." As for McCowan's argument about the admission of the underlying facts of the 2006 conviction, he asserted an objection when the State began to elicit that testimony from Ford, but the State had already elicited similar testimony without objection from Ford's mother. For these reasons, McCowan failed to preserve his second point for appellate review. *See James*, 772 S.W.2d at 97; *see also Lane*, 151 S.W.3d at 193. We overrule McCowan's second point.

## IV. CONCLUSION

Having overruled McCowan's two points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 16, 2013