### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. AUGUST HITZFELDER.

Decided October 10, 1900.

**1. Pleading—Allegation of Personal Injuries.**

See the opinion for allegations in plaintiff's petition in an action of damages for personal injuries, as to the character and nature of the injuries and their effects on plaintiff's present and future mental and physical condition, held not to be conclusions, and to sufficiently apprise defendant of the grounds on which damages were sought.

**2. Practice at Trial—Epileptic Fit in Courtroom.**

Plaintiff testified, without contradiction by any evidence, that he had been subject to epileptic fits since the injury to his head for which damages were sought, and as a result of such injury; and before defendant's evidence was concluded, he was seized with an epileptic convulsion in the presence of the jury, and defendant thereupon asked that the cause be withdrawn from the jury and the trial postponed, on the ground that plaintiff's condition may have aroused the sympathies of the jury and prejudiced defendant's case. The verdict in plaintiff's favor was not excessive in amount. Held, that no reversible error appeared in the action of the court denying such request.

**3. Charge of Court—Statement of Issues.**

While it is customary and proper for the trial court to make a brief presentation of the issues raised by the pleadings as a preface to the law embodied in the charge, yet a failure to do so is not reversible error where the issues are sufficiently presented in the different paragraphs of the charge.

**4. Action for Personal Injury—Charge—Want of Knowledge of Danger.**

Where, in an action for personal injuries, there was evidence tending to show that plaintiff, a mere boy, was not apprised of the danger of going under the tender of an engine at the time he was injured, the fact that he did go under it, standing alone, would not justify a verdict for defendant, and a charge so instructing was properly refused, since it ignored the question of the lack of knowledge on plaintiff's part.

**5. Same—Assumed Risk.**

Where there was uncontradicted evidence that plaintiff, an employe, was ordered by his foreman to go under the tender of the engine, and that he had never been called on to do such work before, and did not know that any danger attended his going there, a charge that plaintiff had assumed the risk of going under the tender was properly refused.

APPEAL from Bexar. Tried below before Hon. S. J. BROOKS.

*Upson, Newton & Ward,* for appellant.

*Nat B. Jones* and *Lewis & Carter,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover of appellant the sum of $30,000, alleged to have accrued by reason of personal injuries inflicted through the negligence of appellant. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for $10,000.

We find that in 1893, appellee, at the time 15 years old, while engaged in the service of appellant as its employe, was permanently and seriously injured through the negligence of appellant, and sustained damages in the sum found by the jury.

Appellee alleged that he was a minor, without experience, and was employed by appellant as an apprentice in its paint shops, under the supervision and control of H. L. Darnell, who was foreman of the paint shop. That on the date of the accident appellee was ordered by said foreman to go under the tender of an engine for the purpose of holding up a brake-beam on the tender, and while he was under the tender the foreman caused the tender to be moved in such a manner as to bring the brake-beams violently together, crushing his skull and lacerating his face. The appellee further set forth the nature of his injuries as follows: "Plaintiff alleges that by reason of the aforesaid injuries, his skull was crushed and his face and head badly cut and lacerated; that by reason of the injuries to his head, his brain and mind have been violently affected, and his injuries have directly produced epilepsy, from which he constantly suffers; and for the purpose of helping his mental and physical condition and attempting to relieve his epilepsy, the plaintiff was compelled to submit to a dangerous operation, whereby a part of his skull was removed in order to lessen the pressure upon his brain; that notwithstanding this, the epilepsy continues, and his mental and physical condition is such as to unfit him for performing any physical or mental labor or attending to any business, and such condition is permanent and will continue as long as plaintiff lives. Plaintiff alleges that by reason of said injury he has in body and mind become so weakened as to be almost an invalid, and that such condition is permanent. That by reason of said injuries he has constantly suffered, and will continue to suffer, for all his life, great mental and physical pain. Plaintiff avers that prior to his injuries he was strong and healthy and able to earn about $50 per month, which would have increased as he grew in years and experience, but since his injuries he has been unable to work, and said injuries will permanently destroy his capacity to ever work again. Premises considered, plaintiff says he has been damaged in the sum of $30,000, for which he prays judgment, together with costs and general relief."

Appellant excepted to the portion of the petition above copied, on the

ground that the allegations were conclusions, and did not apprise appellant of the grounds on which damages were sought to be recovered. The exceptions were properly overruled. The petition clearly set forth the nature of the injuries and gave full notice to appellant of the case it would be called upon to meet.

After appellee had testified that he had been subject to epileptic fits since the injuries to his head had been inflicted, and after he had closed his testimony, and testimony was being introduced by appellant, appellee fell down in the court room in an epileptic convulsion, and caused some excitement in the presence and hearing of the jury, and appellant asked that the cause be withdrawn from the jury and the trial postponed, on the ground that the condition of appellee may have aroused the sympathy of the jury and prejudiced the cause of appellant. The motion was overruled and appellant complains of the ruling of the court.

There was no conflict of evidence as to the fact that appellee had been having violent epileptic convulsions from a time shortly subsequent to the time that he received the injuries to his head from the brake-beams of the engine tender, and it does not appear how the convulsion in court could have intensified the evidence on the subject, but if the evidence had been contradictory on the subject, there is nothing in the record that indicates that appellant was injured by it. If, as the proof tends to show, appellee's condition was attributable to the injuries to his head received through the negligence of appellant, there is no evidence of passion or prejudice deducible from the size of the verdict. A more pitiable case can scarcely be conceived of than that presented by the testimony, but there is nothing in the amount of the verdict that tends to show the least sympathy for appellee or prejudice against appellant. The rule that compensation should be the end attained in giving damages has not been infringed in any manner to give just cause of complaint to appellant.

The court did not in the charge preface the law of the case by a statement of the issues raised by the pleadings, and this is assigned as error. While it is customary and proper for trial courts to make a brief presentation of the issues raised by pleadings as a preface to the law embodied in the charge, there is no rule requiring a court to make such presentation, and a charge could not be held defective on the ground that it failed to make such preface. It is undoubtedly the duty of the trial court in giving a charge to present to the jury the law applicable to the issues raised by pleadings and evidence, and it may be true that this may be more satisfactorily done by first stating the issues raised by the pleadings and evidence and then applying the law to such issues, but if the application of the law is properly made to such issues it would not follow that the absence of the statement of the issues by way of preface would constitute such error as would necessitate a reversal. Had there been an attempt and failure to point out the issues raised, there might be cause of complaint, but there is no authority to sustain the contention of appellant. Indeed, in one of the cases cited by appellant, Railway v. Tankersley, 63 Texas, 60, the court refused to reverse on the

ground contended for in this case. We think the issues in this case were sufficiently submitted in the different paragraphs of the charge, and that the jury obtained as full an understanding of them as would have been obtained from a preface enumerating the issues.

The contention that appellee's side of the case was given undue prominence in the charge is not well founded. The court, in its charge, presented every defense made by appellant to the jury, and in addition gave numerous special charges requested by appellant. Only one charge was refused, and properly so, as it was upon the weight of the evidence, and was not the law of the case. There was evidence tending to show that appellee, a mere boy, was not apprised of the danger of going under the tender, and the fact that he did go under it, standing alone, did not justify a verdict for appellant, as stated in the rejected charge. It ignored the question of the lack of knowledge on the part of the boy altogether.

Appellee testified that he was ordered by Darnell, his foreman, to go under the tender, and that while he was under it, the tender was moved and the injury inflicted. He swore that he had never been called upon to do such work before, and did not know that any danger attended his going under the tender, and in this statement he was not contradicted. Under such a statement of facts it was obviously improper to charge that he had assumed the risk incident to going under the tender. The court properly presented the question as one of fact to be determined by the jury.

The assignments of error raising the question of the sufficiency of the evidence are disposed of by our conclusions of fact.

We do not think any error is shown by the record, and the judgment will be affirmed.

*Affirmed.*