**TEXAS EMPLOYERS INS. ASS'N v. SCHAFFER.**

**No. 5403.**

Court of Civil Appeals of Texas. Amarillo.

March 16, 1942.

Rehearing Denied April 20, 1942.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

Anderson & Dickson, of Sweetwater, for appellee.

JACKSON, Chief Justice.

This is an appeal from a judgment in a compensation suit obtained in the District Court of Yoakum County, Texas, by the appellee, A. J. Schaffer, against the appel- lant, the Texas Employers Insurance As- sociation, for accidental injuries appellee claims to have sustained while engaged in the course of his employment as a rough- neck for Davidson Drilling Company, Inc., which carried insurance for its employees with the appellant.

At the time he was injured he was tight- ening a nut on a bolt with a wrench in order to tighten the liner in a pump. An- other man was holding the other end of the bolt with a wrench and in exerting the force necessary to tighten the liner the wrenches slipped off and appellee fell for- ward on his face against the pump and liner, knocked his teeth loose so the upper ones had to be extracted, crushed his nose, which necessitated the removal of the bones thereof and the membranous walls between his nostrils. He alleges injuries to his nerves, spine, neck, head and muscles in detail and says that he grew nervous, had spells accompanied with unconscious- ness and as a consequence of such injuries he became afflicted with traumatic epilepsy and was totally and permanently incapac- itated from doing any kind or character of work.

The court submitted to the jury 31 spe- cial issues in his main charge, each of which except No. 23 was answered in favor of appellee. In response to Issue No. 23 the jury found that the injury which appellee received to his eye in the year 1934 was the sole cause of his present in- capacity.

The appellee made a motion non obstante veredicto in which he prayed that the court set aside and hold for naught the finding of the jury on Special Issue No. 23 because it was without support in the testimony. The court sustained this motion and set aside this issue for insufficiency of the testi- mony to support the jury's finding there- on. This holding was correct or judg- ment would be here rendered for appellant. The court in his judgment, after reciting the filing of the motion and the issue sought to be set aside, the giving of notice and the hearing thereof and holding that it should be disregarded for want of testi- mony, says that after setting aside Issue No. 23 it is ordered, adjudged and decreed by the court that the appellee, A. J. Schaf- fer, do have and recover from the appellant, Texas Employers Insurance Association, the sum of $6,600, together with interest, of which amount the sum of $2,200 with in-

terest thereon is adjudged and decreed to Anderson & Dickson, the attorneys for appellee, for their services.

The appellee pleaded that he was entitled to recover compensation on his own average weekly wage under subsection 1, section 1, of article 8309, Vernon's Annotated Texas Civil Statutes, and if he was mistaken in such plea that he was entitled to recover on the average weekly wage of others under subsection 2, section 1, and if neither of such allegations were sustained then he was entitled to recover under subsection 3.

In response to Special Issues Nos. 16, 16A and 17 the jury found that appellee had worked substantially the whole of the year for Davidson Drilling Company, Inc., and received an average wage of $6.50 per day. In answer to Issues 18 and 19 the jury answered that other employees of the same class worked substantially the whole of the year preceding June 9, 1939 in similar employment in the same neighborhood and received an average wage of $6.50 per day. To other special issues submitted they found that $45.50 per week was just and fair between the parties.

It is unnecessary, in our opinion, to set out the special issues submitted and the answers of the jury thereto but hereafter we will discuss such special issues as we deem necessary to a disposition of the appeal.

We will first consider the action of the court in overruling appellant's motion praying the court to declare a mistrial and permit it to withdraw its answer of ready for trial. This motion is based on a very unusual occurrence which happened in open court before the jury during the trial of the case. Appellant's statement in its motion of this occurrence, which is not challenged and find support in the record, is as follows: "The defendant wants to make a record at this time of the plaintiff's spell on the witness stand. The record is here made that at this point in the course of plaintiff's cross-examination, the plaintiff began to tremble slightly, and then soon began to shake, and together with some moaning, ran his fingers over his head, rumpling his hair, knocking off his glasses, made grimaces with his face, and plaintiff's counsel rushed up to the witness stand and took a position behind the plaintiff, reached over his shoulders and grabbed each of the plaintiff's wrists, and then attempted to hold and quiet him, the plaintiff, who continued to struggle and at one time said "Oh, my head", and while being held rocked forward and sideways with the upper part of his body and head down about the railing around the witness chair, and after this seizure had gone on some two or three minutes, all in the presence of the jury, the jury was then recessed for the time being, and the plaintiff was taken from the court room for a rest, and in view of these circumstances, which in their dramative and unexpected nature, were obviously and inevitable likely and almost certain to make a deep impression on the jury and be prejudicial to the defendant herein in the maintenance of its defense, the defendant at this time, while the jury is still withdrawn, moves the Court for leave to withdraw its announcement of ready and to declare a mistrial in the case."

There was testimony before the jury by appellee and several of his witnesses to the effect that he suffered with nervous spells. His conduct and the effect thereof they described with some particularity but we think it is certain that no witness could portray to a jury by words so accurately, so vividly and so forcibly this attack and the effect thereof as was presented by this ocular demonstration to the jury while they were sitting in the jury box. There is no contention that appellee did not suffer some character of nervous spells on occasions somewhat similar to the attack he had while on the witness stand but the issue was not whether he suffered nervous spells but whether the injury he had sustained had any causal connection with such attacks. The expert testimony on this issue was sharply conflicting and we surmise without evidence to support us that this attack suffered in the presence of the jury beclouded the real issue to such an extent that it was given little or no consideration. The record shows that the jury in their deliberation agreed that the attack was genuine, not faked and not feigned. The record does not indicate that this attack by appellee was other than involuntary and unavoidable. If the testimony presented an issue of fraud or malingering for the purpose of deceiving and influencing the jury we would have little difficulty in disposing of the matter but the record contains no such indication from the testimony and, in our opinion, for this unfortunate and unavoidable occurrence appellee should not be denied the right to appear at the trial of his own case and testify therein.

In 64 C.J. 103, § 109, the author says: "It is ordinarily for the judge presiding at a trial to determine, in his discretion, whether acts or conduct of a party, a witness, a court attendant, or other person, in the presence or hearing of the jury, are of such nature as to preclude the. proper and impartial consideration of the case by the jury and so vitiate the trial."

In Galveston, H. & S. A. R. Co. v. Hitzfelder, 24 Tex.Civ.App. 318, 66 S.W. 707, 708, Judge Fly says: "There was no conflict of evidence as to the fact that appellee had been having violent epileptic convulsions from a time shortly subsequent to the time that he received the injuries to his head from the brake beams of the engine tender, and it does not appear how the convulsion in court could have intensified the evidence on the subject; but, if the evidence had been contradictory on the subject, there is nothing in the record that indicates that appellant was injured by it."

There is no assurance that the same occurrence would not happen in another trial and this assignment of appellant is overruled.

 The appellant also urges as error the action of the court in refusing to allow it to withdraw its announcement of ready and declare a mistrial for the reason that while Mr. Fox, a witness for appellee, was on the stand, after having testified that he saw the appellee practically every day and had noticed that he was nervous the appellee's attorney then asked "What did you see? A. Well, he would have a nervous condition and beads of perspiration would come out on his. face, and under a strain something similar to this morning—it wasn't—Mr. Dooley: We object to that. Mr. Anderson: Well—The Court: I sustain the objection." Appellant then urged by counsel that the reference of the witness to the spell had by appellee on the stand was entirely voluntary, not responsive to the question, improper, prejudicial and was an effort to inject into the record a comparison of the attack on the stand and the former attacks he had seen the appellee suffer. This motion was overruled and the court instructed the jury not to consider the answer given by the witness.

It is obvious that the answer of the witness was voluntary and not responsive and an effort to compare. spells that he had seen appellee suffer with the occurrence before the jury some time on that same day. This reference was a comparison of attacks by the witness, was highly improper and would tend to convince the jury for a certainty if they had any doubt thereof that the attack suffered by appellee on the stand was genuine. However, as this should not occur on another trial and the case must be reversed on other errors we refrain from holding that such conduct on the part of the witness was reversible error.

The appellant complains by assignments of error to the interrogation of some witnesses by appellee's attorney for the reason that he attempted after the court had ruled the evidence inadmissible to suggest by insinuating questions the fact that he was undertaking to elicit from the witness. We need only say that when the court has excluded testimony on objection, respect for the court and his ruling should impel the attorney to respect such ruling. If he does not respect such ruling the court has ample authority to enforce his orders and should resort thereto.

 The appellant by proper assignments assails as error the action of the court in rendering judgment for appellee on the findings of the jury because it asserts that the judgment is not warranted by the jury's verdict. Under this proposition it contends that since appellee obtained a jury finding that he is entitled to recover on his own average weekly wage rate under subsection 1 of section 1, article 8309, supra, he is bound thereby for the reason that the burden is on the injured employee to show that it is impracticable to compute his average weekly wage under subsection 1 before he can avail himself of the provisions of subsection 2 or subsection 3 under section 1. How and when the complainant must recover under each of these subsections has been established by Judge Critz in the American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26, 27, in which it is said: "* * * under the statute the burden is on the claimant to show by competent evidence that it is impracticable to compute the average weekly wage under either subsections 1 or 2 before subsection 3 can be resorted to. Likewise, the burden is on the claimant to show that compensation cannot be computed under subsection 1 before subsection 2 is resorted to."

The appellee's motion non obstante veredicto heretofore discussed, together with the judgment of the court, are conclusive to the effect that the findings of the jury on

Special Issues Nos. 16, 16A and 17 submitting appellee's own average weekly wage under subsection 1, were not contained in said motion and have not been set aside but continue in the record as the finding of the jury on a material issue.

■ The court had no authority to disregard Special Issues Nos. 16, 16A and 17 until his jurisdiction was invoked to set aside such issues. Hines et al. v. Parks et al., 128 Tex. 289, 96 S.W.2d 970; Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449; Traders & General Ins. Co. v. Milliken, Tex.Civ. App., 110 S.W.2d 108, and authorities therein cited.

■ The law is that the trial court, after a material issue is submitted to and determined by the jury, is required to render judgment on the verdict of the jury or grant a new trial regardless of his opinion on the sufficiency or insufficiency of the testimony to support the issue on which the jury has made a finding.

In Hines et al. v. Parks et al., supra [128 Tex. 289, 96 S.W.2d 971], the Commission of Appeals, speaking through the late Commissioner German, says: "We think the authorities unquestionably establish the proposition that if the trial court submits an issue to the jury which under the pleadings is a material one to the decision of the case, and the jury is permitted to answer that issue, which answer is received by the court, then, under the statute, the trial court is without discretion except to set aside the finding and grant a new trial, or to render judgment upon and in conformity to the finding, even though the court should conclude that all of the testimony on which the answer to such issue is based was improperly admitted, and there is no evidence to uphold the finding."

The appellant challenges as error the sufficiency of the testimony to support the findings of the jury on Issue No. 16 to the effect that appellee worked substantially the whole of the year next preceding June 9, 1939. On direct examination Mr. Schaffer testified that he worked as many as 300 days at his work for Davidson Drilling Company, Inc., immediately preceding the date of his injury, June 9, 1939. On cross-examination he stated he was speaking by way of estimate of the number of days he worked; that he was guessing at it. He kept no records and had no accurate recollection that he worked substantially 300 days immediately preceding his accident. His wife testified that he worked regularly. Mr. Stein testified that Mr. Schaffer worked every day there was work; that the job did not go on every day; that there were times when there was no work for a few days but he believed appellee worked about 300 days. He said he kept the name of each man that worked and put in his daily report and it was from this report that the timekeeper kept the time of such employees; that he could say for sure, while he did not have the record, that appellee worked as many as 300 days. Mr. Stein was later recalled to the stand and gave the following testimony:

"Q. You are the same Mr. Stein who has previously been upon the witness stand in the trial of this case? A. Yes.

"Q. When you were on the witness stand before, Mr. Stein, you expressed the opinion that in the twelve months period immediately preceding the 9th day of June, 1939, that Mr. Schaffer, the plaintiff, worked in the neighborhood of 300 days. Have you today had occasion to inspect the actual cancelled checks bearing Mr. Schaffer's endorsement and evidencing his paychecks received during that year, from June, 1938 to June, 1939. A. I have.

"Q. I will ask you Mr. Stein, if it be not true, instead of reflecting that Mr. Schaffer worked 300 days during that twelve months period preceding June 9th, 1938, if these pay checks do not instead reflect that he worked roughly 250 days during that twelve months period? A. That is right.

"Q. By way of explanation of your testimony, Mr. Stein, is it or not true, that in your estimate of the other day, you had in mind the calendar year of — A. 1938.

"Q. 1938? A. That is right.

"Q. If I understand it then, the actual working days Mr. Schaffer would have worked during the calendar year of 1938 would have been greater than the number of working days he worked during the twelve months period, say from June, 1938 to June, 1939? A. Yes.

"Q. Do you mean to say then, Mr. Stein, that when on a previous examination you testified to approximately 300 working days, you meant that that was in the calendar year from January 1st, 1938? A. That was right.

"Q. To December 31st, 1938? A. That is right.

"Q. Your testimony then, as far as the twelve months period from June of 1938 to June of 1939, is roughly 250 days, is that correct? A. I believe it is correct according to these checks, that is what you have reference to?

"Q. Yes. Now, in that connection Mr. Stein, please check briefly through these checks and then state to the Court and jury whether they are the actual checks of Davidson Drilling Company given to Mr. Schaffer by way of payment during that twelve months period and bearing the endorsement of Mr. Schaffer. A. that is right."

The testimony on which appellee relies to support the findings of the jury on Special Issue No. 16 is so indefinite and uncertain and so fully contradicted by written testimony which is not questioned we are compelled to conclude that the testimony does not warrant the finding of the jury on such issue.

In Texas Employers' Ins. Ass'n v. Bauer, 128 S.W.2d 840, 842, this court said: "If we concede that the testimony when considered in the light most favorable to the appellee would sustain the finding of the jury on the issue discussed, it is our opinion that the testimony so greatly preponderates against such finding that a new trial should be granted in the interest of justice. Bankers Life & Loan Ass'n v. Chase, Tex. Civ. App., 114 S.W.2d 374." See, also, Texas Employers' Ins. Ass'n v. Mitchell, Tex.Civ.App., 142 S.W.2d 626, and Logue v. Southern Kansas Railway Co. of Texas, 106 Tex. 445, 167 S.W. 805.

The appellee contends that if the jury's finding in answer to Issue No. 16 is not supported by the evidence that nevertheless, the appellee is entitled to recover compensation on the answer of the jury to Special Issue No. 18 to the effect that other employees worked substantially the whole year next preceding the date of his injury in the same or similar employment and in the same or neighboring places and the finding on Special Issue No. 19 as to the average daily wage of such other employees and in answer to Special Issue No. 20 that $45.50 per week would be fair and just between the parties. This contention of appellee is concluded against him in the case of Traders & General Ins. Co. v. Milliken, 110 S.W.2d 108, in which Associate Justice Folley of this court wrote an exhaustive opinion in which all the conclusions therein stated are fortified by decisions of the Supreme Court. We do not feel that we can add anything to this opinion that would make it more certain, more definite and more conclusive. See, also, Federal Underwriters Exchange v. Bullard et al., 128 S.W.2d 126, 134, by the Court of Civil Appeals of Fort Worth, which is entirely in harmony with the law announced in the case of Traders & General Ins. Co. v. Milliken, supra.

Numerous other assignments are presented, none of which should arise on another trial and we consider it unnecessary to discuss them.

For the errors discussed, the judgment is reversed and the cause remanded.