ACCEPTED
03-15-00263-CR
8017189
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 3:35:16 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00263-CR

In the
## COURT OF APPEALS
For the
## THIRD SUPREME JUDICIAL DISTRICT
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 3:35:16 PM
JEFFREY D. KYLE
Clerk

On Appeal from the 264th Judicial District Court of
Bell County, Texas
Cause Number 73,061

## JOHN LEE BOWMAN, Appellant
*v.*
## THE STATE OF TEXAS, Appellee

## ANDERS BRIEF IN SUPPORT OF
## COUNSEL'S MOTION TO WITHDRAW

*Counsel for Appellant*
*John Lee Bowman*

**KRISTEN JERNIGAN**
ATTORNEY AT LAW
STATE BAR NUMBER 90001898
207 S. AUSTIN AVE.
GEORGETOWN, TEXAS 78626
(512) 904-0123
(512) 931-3650 (FAX)
Kristen@txcrimapp.com

## ORAL ARGUMENT NOT REQUESTED

# IDENTIFICATION OF PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Appellant:**

John Lee Bowman

**Counsel for Appellant:**

Kurt Glass (at trial)
408 N. Main
Belton, Texas 76513

Kristen Jernigan (on appeal)
207 S. Austin Ave.
Georgetown, Texas 78626

**Counsel for Appellee, The State of Texas:**

Henry Garza
Bell County District Attorney

Michael Waldman
Terry Clark
Assistant District Attorneys
1201 Huey Road
P.O. Box 540
Belton, Texas 76513

**Trial Court Judge:**

The Honorable Martha Trudo

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

PROFESSIONAL EVALUATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POTENTIAL ERRORS CONSIDERED . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

NOTICE TO APPELLANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# INDEX OF AUTHORITIES

## CASES

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

*Crank v. State*, 761 S.W.2d 328 (Tex. Crim. App. 1988) . . . . . . . . . . . . . . . . . . . 12

*Ethington v. State*, 819 S.W.2d 854 (Tex. Crim. App. 1991) . . . . . . . . . . . .11, 13, 15

*Gaines v. State*, 479 S.W.2d 678 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . . .15

*Hawkins v. State*, 112 S.W.3d 340 (Tex. App.–Corpus Christi 2003) . . . . . . . . . . .8

*Hudson v. State*, 675 S.W.2d 507 (Tex. Crim. App. 1984) . . . . . . . . . . . . 11, 13, 15

*Jordan v. State* 495 S.W.2d 949 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . . . 15

*Lockhart v. State*, 847 S.W.2d 568 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . 11, 12

*Luna v. State*, 268 S.W.3d 594 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . . . . 10

*McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429 (1988) . . . . . 7, 8

*Mincey v. Arizona*, 437 U.S. 385 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . 11

*Rankin v. State*, 953 S.W.2d 740 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . .12

*Robinson v. State*, 701 S.W.2d 895 (Tex. Crim. App. 1985) . . . . . . . . . . . . . . . . .12

*Samuel v. State*, 477 S.W.2d 611 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . . .15

*Sattiewhite v. State*, 786 S.W.2d 271 (Tex. Crim. App. 1989),
       *cert. denied* 489 U.S. 881 (1990) . . . . . . . . . . . . . . . . . . . . . . . . .12

*State v. Elrod*, 395 S.W.3d 869 (Tex. App.—Austin 2013) . . . . . . . . . . . . . . . . . .10

*Templin v. State*, 711 S.W.2d 30 (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . . . . .12

*Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . .14

*Tucker v. State*, 990 S.W.2d 261 (Tex. Crim. App. 1999) . . . . . . . . . . . . . .11, 13, 15

*Wilkerson v. State*, 736 S.W.2d 656 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . 11

*Wilson v. State*, 40 S.W.3d 192 (Tex. App. - Texarkana 2001) . . . . . . . . . . . . . .7, 8

## STATUTES AND RULES

TEX. CONST. art. I, § 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEX. PENAL CODE § 12.42 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

TEX. PENAL CODE § 46.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

TEX. R. APP. P. 33.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 15

TEX. R. EVID. 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11, 12, 13

TEX. R. EVID. 609 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

U.S. CONST. AMEND. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, oral argument is not appropriate in the current case.

No. 03-14-00263-CR

In the
COURT OF APPEALS
For the
THIRD SUPREME JUDICIAL DISTRICT
at Austin

---

On Appeal from the 264th Judicial District Court of
Williamson County, Texas
Cause Number 73,061

---

JOHN LEE BOWMAN, Appellant
*v.*
THE STATE OF TEXAS, Appellee

---

*ANDERS* BRIEF IN SUPPORT OF
COUNSEL'S MOTION TO WITHDRAW

---

## STATEMENT OF THE CASE

On July 23, 2014, Appellant was indicted for the felony offense of unlawful possession of a firearm by a felon, enhanced for punishment by a prior felony conviction. (CR: 4, 6). On April 7, 2015, a jury found Appellant guilty and assessed Appellant's punishment at eighteen years' confinement in the Texas Department of Criminal Justice – Institutional Division. (CR: 31, 35, 39-40). Appellant timely filed Notice of Appeal on April 13, 2015. (CR: 47). This appeal results.

1

## STATEMENT OF FACTS

Karl Ortiz, an investigator with the Bell County District Attorney's Office told the jury that he obtained a set of fingerprints from Appellant and compared them to a judgment and sentence from Cause Number 46335 from the 27th District Court in Bell County. (RR4: 23-25). Ortiz determined that the fingerprint on the judgment and sentence matched Appellant's. (RR4: 23-25). Ortiz related that in Cause Number 46335, Appellant was convicted of burglary of a habitation on September 15, 1999, and was sentenced to twelve years in prison. (RR4: 26-27).

Veronica Barbosa, a parole officer with the Texas Department of Criminal Justice – Parole Division, testified that Appellant was released from prison on January 25, 2008. (RR4: 34). Appellant was on parole until he successfully completed his parole term on November 10, 2010. (RR4: 35).

Amy Retz, a records custodian for the Bell County 911 Call Center, stated that on July 3, 2014, a 911 call came in and was recorded. (RR4: 47). The caller reported that there were two men with guns in the neighborhood. (RR4: 47).

Kevin Dallas, a patrol officer with the Bell County Sheriff's Office, told the jury that at approximately 12:30 a.m. on July 3, 2014, he was dispatched to 2809

2

Pecan Drive in Bell County. (RR4: 58). The Bell County 911 Communications Center reported that there was a man pointing a gun at a 911 caller. (RR4: 59). Dallas also learned that the man pointing the gun was described as a man named "John Lee" who was wearing a black shirt and riding a bicycle. (RR4: 59-60). Because of his familiarity with Appellant and the neighborhood, Dallas suspected the man pointing the gun was Appellant. (RR4: 60). Before he reached 2809 Pecan, Dallas saw Appellant, who was wearing a black shirt, riding a bicycle. (RR4: 60-61). Appellant had a spotlight in his hand and had a backpack. (RR4: 62). Dallas ordered Appellant to stop and get off of his bicycle. (RR4: 63). He instructed Appellant to put the backpack on the ground and, according to Dallas, when he went to pick up the backpack, he felt a shotgun handle inside the backpack. (RR4: 63). Dallas opened the backpack and found a loaded, sawed-off .410 shotgun. (RR4: 64, 66). On cross-examination, Dallas acknowledged that Ann Marie Hunt was riding her bicycle about ten feet in front of Appellant when Dallas first saw Appellant on his bicycle. (RR4: 69-70). Hunt was arrested for the offense of deadly conduct for pointing a gun at the 911 caller, Harley Hughling. (RR4: 69-70). At the close of Dallas's testimony, the State rested its case in chief. (RR4: 72).

3

Harley Hughling was called by the defense and testified that he did not remember calling 911 and was bad with dates, but a woman with the nickname of "Peggy Sue" pointed a gun at him at his home. (RR5: 8-9). On cross-examination, Hughling stated that he did remember calling 911 during the summer of 2014 because someone pointed a gun at him. (RR5: 10). Hughling had cameras outside his house because the area in which he lived was dangerous and referred to as "Methville." (RR5: 12). Hughling saw a man and a woman on bicycles and the woman pointed a gun at his house. (RR5: 14). The prosecutor then asked if Hughling knew whether Appellant was a member of the Aryan Brotherhood. (RR5: 16). Hughling responded that he had heard that. (RR5: 16). The prosecutor asked Hughling if he was on methamphetamine while he was testifying. (RR5: 16). Hughling responded that he was not but had used methamphetamine the night before. (RR5: 16).

Appellant testified in his own defense and related that on July 3, 2014, he left work on his bicycle with Hunt. (RR5: 39). They bicycled home through Hughling's neighborhood but never stopped. (RR5: 39). Appellant saw Dallas pull up so he stopped and got off of his bicycle. (RR5: 39). He put down his satchel, which was not as large as a backpack. (RR5: 41). Appellant testified that he did not have a gun in his backpack and is unaware how a shotgun appeared

4

at the scene. (RR5: 41). In fact, Appellant told Dallas the shotgun was not his. (RR5: 42). Appellant then told the jury that he knew that he was not allowed to carry a firearm and that when he was previously convicted, he accepted a plea agreement because he knew what he had done was wrong. (RR5: 43). Specifically, he broke into a friend's home and stole marijuana. (RR5: 43). Appellant explained that he did not do drugs, was not a gang member, and worked at a ranch. (RR5: 42, 44). On cross-examination, Appellant admitted that he has a long history of misdemeanors and had been convicted of felony possession of methamphetamine. (RR5: 44-46). The prosecutor then listed Appellant's convictions including two counts of theft, three counts of assault bodily injury, unauthorized use of a motor vehicle, evading arrest in a motor vehicle, unlawful transfer or a weapon, two counts of unlawfully carrying a weapon, and escape. (RR5: 53-56). In addition, Appellant admitted that he missed a pre-trial court date in this case while on bond. (RR5: 63). Appellant was also forced to admit that on November 27, 2014, he was stopped by the police but took off running in a pursuit that lasted thirty minutes. (RR5: 67-68). On re-direct examination, Appellant testified that he was guilty of his previous convictions, fled from the police, and missed a court date, but did not possess the gun in question in the present case. (RR5: 69-70). At the close of Appellant's testimony, the defense

rested its case in chief.    (RR5: 73).

On rebuttal, William Hamilton, Jr., a patrol deputy with the Bell County Police Department, stated that on November 27, 2014, he initiated a traffic stop due to an expired registration sticker.    (RR5: 77).    Instead of stopping, the vehicle sped off, but eventually stopped and the driver, Appellant, fled on foot. (RR5: 77-78, 82).    Hamilton chased Appellant through a wooded area yelling "Stop, police."    (RR5: 80).    Hamilton lost track of Appellant, but Appellant was later stopped and taken into custody by Department of Public Safety Trooper Matias Falcon.    (RR5: 84-85).

Trooper Falcon testified that on November 27, 2014, he and two other troopers heard over the radio that Belton police officers were engaged in a foot chase with a suspect.    (RR5: 89).    Falcon decided to assist and drove to Appellant's residence.    (RR5: 91).    While there, Falcon saw Appellant walking toward the residence.    (RR5: 92).    Falcon approached Appellant and asked what he was doing.    (RR5: 92).    Appellant responded that he was going for a walk. (RR5: 92).    Falcon confirmed the description of who Belton police were chasing and "did a felony take down" on Appellant.    (RR5: 92).    On cross-examination, Falcon acknowledged that Appellant was not aggressive, obnoxious, or mean during their encounter.    (RR5: 95-96).    At the close of Falcon's testimony, both

6

sides rested and closed.    (RR5: 97).

## ISSUE PRESENTED

**Whether the Instant Appeal Is Frivolous and Without Merit, Such That the Undersigned Should Withdraw as Counsel.**

A criminal defense attorney's duty is to zealously represent the interests of his or her client on appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). If the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744.

Both retained and appointed appellate attorneys have a "duty to withdraw" as counsel when they conclude that an appeal would be frivolous, but appointed counsel "is presented with a dilemma because withdrawal is not possible without leave of court, and advising the court of counsel's opinion that the appeal is frivolous would appear to conflict with the advocate's duty to the client." *McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429, 437 (1988). "It is well settled, however, that this dilemma must be resolved by informing the court of counsel's conclusion." *Id.* "Under *Anders* and its progeny, if an appointed attorney concludes that his client's appeal is without merit, he or she must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief 'referring to anything in the record that might arguably support the appeal.'" *Wilson v. State*,

7

40 S.W.3d 192, 196 (Tex. App. - Texarkana 2001).

As the Supreme Court explained, the attorney's motion to withdraw must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. A copy of counsel's brief should be provided to the Appellant and time should be allowed for him to raise any points that he chooses. *Id.* Then, the Court, and not counsel, decides, after a full examination of all the proceedings, whether the case is wholly frivolous. *Id.* If it so finds, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. *Anders*, 386 U.S. at 744. In Texas, an *Anders* brief need not specifically advance "arguable" points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities. *See Hawkins v. State*, 112 S.W.3d 340, 343-344 (Tex. App.–Corpus Christi 2003). The attorney's duty to withdraw is based upon his or her professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands. *McCoy*, 486 U.S. at 436. The Supreme Court instructs: "Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing

8

party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.*

## PROFESSONAL EVALUATION

Counsel would respectfully show the Court of Appeals that the instant appeal is frivolous and without merit, for the following reasons:

The trial court had jurisdiction over the present felony case and venue was proper in Bell County, where the offense was alleged to have occurred. Appellant was found guilty by a jury of the felony offense of unlawful possession of a firearm by a felon and was sentenced to eighteen years in prison. *See* TEX. PENAL CODE § 46.04(a)(2). The punishment range for that offense is that of a third degree felony. *See* TEX. PENAL CODE § 46.04(e). However, Appellant's punishment range was enhanced by a prior felony conviction to that of a second degree felony. *See* TEX. PENAL CODE § 12.42(a).

Prior to trial, Appellant was admonished as to the proper range of punishment he faced and the charges against him. (RR2: 4-5). In addition, the Court explained Appellant's options to him including a jury trial, a jury trial where the Court assessed punishment, a bench trial, an open plea, or a plea bargain. (RR2: 5-7). Appellant indicated that he understood his options and then rejected

9

the State's plea offer of ten years in prison on the record. (RR2: 8-9). Appellant further stated his decision to go forward with a jury trial and have the jury assess punishment. (RR2: 8-9)

## POTENTIAL ERRORS CONSIDERED BY COUNSEL

Counsel considered the following point of errors on appeal:

(1) Whether the search of Appellant's backpack violated his Fourth Amendment Right against Illegal Search and Seizure.

"The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution protect individuals against unreasonable searches and seizures." *State v. Elrod*, 395 S.W.3d 869, 877 (Tex. App.—Austin 2013), *citing* U.S. CONST. AMEND. IV; TEX. CONST. art. I, § 9; *Mincey v. Arizona*, 437 U.S. 385, 390 (1978); *Luna v. State*, 268 S.W.3d 594, 603 (Tex. Crim. App. 2008).

While it appears Dallas may have had reasonable suspicion to detain Appellant, he articulated no reason for searching Appellant's property. However, counsel did not file a Motion to Suppress and did not object to Dallas's testimony regarding his search of Appellant's backpack.

It is well-settled that as a prerequisite to presenting a point of error for appellate review, the record must show that the complaint in question was made to the trial court by a timely request, objection, or motion, and the trial court ruled on

10

the request, objection, or motion. TEX. R. APP. P. 33.1; *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). Further, a party must continue to object every time the evidence he seeks to exclude is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).

Because error was not preserved with respect to this issue, and the trial court was not afforded the opportunity to rule on this issue, Counsel cannot, in good faith, raise a point of error challenging the admissibility of Appellant's prior convictions. *See* TEX. R. APP. P. 33.1.

> (2) Whether extraneous offense evidence that Appellant used methamphetamine and was a member of the Aryan Brotherhood was admissible at the guilt or innocence stage of trial.

A Defendant is to be tried only on the crimes alleged in the indictment and not for being a criminal generally. *Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987). Therefore, evidence of extraneous offenses or bad acts committed by the defendant may not be introduced during the guilt or innocence portion of the trial to show the Defendant acted in conformity with his criminal nature. *Lockhart v. State*, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992); *Montgomery v. State*, 810 S.W.2d 372, 386 (Tex. Crim. App. 1992); TEX. R. EVID. 404(b). This is because evidence of extraneous offenses "is inherently

11

prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him." *Crank v. State*, 761 S.W.2d 328, 341 (Tex. Crim. App. 1988).

The Court of Criminal Appeals has consistently held that the introduction of extraneous offenses to the jury is inherently "prejudicial," and hence, harms the defendant, because it requires the defendant to defend against not only the offense charged but also his uncharged actions. *See Sattiewhite v. State*, 786 S.W.2d 271, 285 (Tex. Crim. App. 1989), *cert. denied* 489 U.S. 881 (1990); *Robinson v. State*, 701 S.W.2d 895, 899 (Tex. Crim. App. 1985). The admission of extraneous offenses also prejudices the defendant because of jurors' natural inclination to infer guilt to the charged offense from the extraneous offenses. *See Lockhart*, 847 S.W.2d at 570; *Templin v. State*, 711 S.W.2d 30, 32 (Tex. Crim. App. 1986).

An extraneous offense includes any act of misconduct, whether resulting in prosecution or not, that is not alleged in the indictment. *Rankin v. State*, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996).

Additionally, Texas Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in

advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b).

In the present case, the prosecutor elicited testimony from Hughling that Appellant was a member of the Ayran Brotherhood Gang. (RR5: 16). Further, an officer was allowed to testify that another officer asked Appellant "you still on that stuff?" (referring to methamphetamine) and Appellant responded he had been off of it for a month. (RR5: 94). Trial counsel did not object to either of these exchanges.

It is well-settled that as a prerequisite to presenting a point of error for appellate review, the record must show that the complaint in question was made to the trial court by a timely request, objection, or motion, and the trial court ruled on the request, objection, or motion. TEX. R. APP. P. 33.1; *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). Further, a party must continue to object every time the evidence he seeks to exclude is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).

Because error was not preserved with respect to this issue, and the trial court was not afforded the opportunity to rule on this issue, Counsel cannot, in good faith, raise a point of error challenging the admissibility of Appellant's prior

13

convictions. *See* TEX. R. APP. P. 33.1.

> (3) Whether evidence of Appellant's lengthy criminal history was admissible at the guilt or innocence phase of trial.

Texas Rule of Evidence 609 provides that evidence that a witness has been convicted of a crime shall be admitted only if the crime was a felony or involved moral turpitude and the Court determines that the probative value of the admitted convictions outweighs its prejudicial effect. TEX. R. EVID. 609, *Theus v. State*, 845 S.W.2d 874, 879-80 (Tex. Crim. App. 2002). In addition, Texas Rule of Evidence 609 imposes a time limit of ten years for admissibility of evidence of any convictions without a finding from the trial court that the probative value of the conviction, supported by specific facts and circumstances substantially outweighs its prejudicial effect. TEX. R. EVID. 609, *Theus*, 845 S.W.2d 879-80).

It appears that many of Appellant's prior convictions that were put before the jury are misdemeanors and/or are outside of the ten year limit for admissibility pursuant to Texas Rule of Evidence 609. However, trial counsel did not file a Motion in Limine or a Motion to Testify without Impeachment of Prior Conviction[1] and failed to object each time the prosecutor elicited testimony regarding Appellant's prior convictions.

---

[1] In *Theus*, counsel filed a "Motion to Testify Free from Impeachment of Prior Conviction," when challenging the admissibility of prior convictions under Rule of Evidence 609. *See Theus*, 845 S.W.2d at 877.

14

It is well-settled that as a prerequisite to presenting a point of error for appellate review, the record must show that the complaint in question was made to the trial court by a timely request, objection, or motion, and the trial court ruled on the request, objection, or motion. TEX. R. APP. P. 33.1; *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). Further, a party must continue to object every time the evidence he seeks to exclude is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).

Because error was not preserved with respect to this issue, and the trial court was not afforded the opportunity to rule on this issue, Counsel cannot, in good faith, raise a point of error challenging the admissibility of Appellant's prior convictions. *See* TEX. R. APP. P. 33.1.

> (4) Whether Appellant's sentence exceeded the proper range of punishment.

It is counsel's opinion that the punishment assessed was not excessive because Appellant's punishment fell within the statutory punishment range for the offense alleged. A punishment which falls within the statutory range is not excessive, cruel, or unusual. *Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972); *See also Jordan v. State* 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).

15

.

## CONCLUSION

There are no points of error, which, in good conscience, could be raised in this appeal.

## NOTICE TO APPELLANT

The undersigned has forwarded a copy of this motion to withdraw and a letter explaining Appellant's rights, as well as the procedures to be followed when a brief is filed by counsel indicating that the appeal is frivolous and without merit, to Appellant. The letter also informs Appellant of his right to file a *pro se* petition for discretionary review. In addition to the letter, the undersigned has also forwarded to Appellant a Motion for *Pro Se* Access to the Appellate Record so that Appellant can obtain the necessary records to file a brief, should he choose to do so. A true and correct copy of such letter is attached hereto.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Kristen Jernigan, court-appointed counsel for Appellant in the above styled and numbered cause respectfully prays that, after providing Appellant an opportunity to submit a *pro se* brief, this Honorable Court of Appeals will review the appellate record to make an independent determination of whether there are grounds upon which to appeal. The undersigned also prays that the Court will grant this motion to withdraw.

16

Respectfully submitted,

_____/s/ Kristen Jernigan_____

KRISTEN JERNIGAN
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Anders* Brief in support of Counsel's Motion to Withdraw has been mailed on November 30, 2015, to the Bell County District Attorney's Office, 1201 Huey Road, Belton, Texas 76513.

_____"/s/" Kristen Jernigan_____
Kristen Jernigan

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of 5,718 words in compliance with Texas Rule of Appellate Procedure 9.4.

_____"/s/" Kristen Jernigan_____
Kristen Jernigan

17

No. 03-15-00263-CR

In the
COURT OF APPEALS
For the
THIRD SUPREME JUDICIAL DISTRICT
at Austin

---

On Appeal from the 264th Judicial District Court of
Bell County, Texas
Cause Number 73061

---

**JOHN LEE BOWMAN, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

---

**CERTIFICATE OF COUNSEL**

---

In compliance with the requirements of *Anders v. California*, 386 U.S. 378

(1967), I, Kristen Jernigan, court-appointed counsel for Appellant, John Lee

Bowman, in the above-referenced appeal, do hereby verify, in writing, to the Court

that I have:

1. notified Appellant that I filed a motion to withdraw as counsel with an

accompanying *Anders* brief, and provided a copy of each to Appellant;

2. informed Appellant of his right to file a *pro se* response identifying what

he believes to be meritorious grounds to be raised in his appeal, should he so

18

desire;

3. advised Appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. explained the process for obtaining the appellate record, provided a Motion for *Pro Se* Access to the Appellate Record lacking only Appellant's signature and the date, and provided the mailing address for this Court; and

5. informed Appellant of his right to seek discretionary review *pro se* should this Court declare his appeal frivolous.

Respectfully submitted,

/s/ Kristen Jernigan

_____
Kristen Jernigan

**KRISTEN JERNIGAN**
ATTORNEY AT LAW
207 S. AUSTIN AVE., GEORGETOWN, TEXAS 78626
(512) 904-0123 (OFFICE)    (512) 931-3650 (FAX)
KRISTEN@TXCRIMAPP.COM

November 30, 2015

John Lee Bowman
TDCJ ID No. 01994059
Hutchins Unit
1500 E. Langdon Rd.
Dallas, Texas 75241

VIA CERTIFIED MAIL 7013 2250 0000 950 1837

Dear Mr. Bowman:

Enclosed, please find a copy of the *Anders* Brief and Motion to Withdraw as Counsel I have prepared and filed in your case. After a diligent search of both the Clerk's Record and the Reporter's Record in your case and the applicable law, it is my opinion that no reversible error occurred during your trial.

Whenever appellate counsel files a motion such as this, the law provides the Appellant the right to review the record of the proceedings and file any brief which he or she deems necessary. Because I have submitted such a brief, you now have the right to review the record of your trial and file any brief which you deem necessary. The brief must be filed within thirty days of today's date, unless you file a Motion for Extension of Time to file your *pro se* brief.

In order to obtain the appellate record to prepare your brief, I have attached a Motion for *Pro Se* Access to the Appellate Record for you to file. You must sign and date the motion and mail it to the Court of Appeals within ten days of the date of this letter to this address:

Third Court of Appeals:

Hon. Jeffrey Kyle
Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711

Should the Court of Appeals ultimately rule your appeal was frivolous, and affirm your conviction and sentence, you may file a *Pro Se* Petition for Discretionary Review with the Texas Court of Criminal Appeals. The address to file your petition is:

Texas Court of Criminal Appeals:

Hon. Abel Acosta
Clerk of The Court
Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

You must file your petition within thirty days of the date of the Court of Appeals' opinion or request an extension of time to file your petition. Be sure to attach a copy of the Court's opinion to your petition should you choose to file one.

Feel free to write me if you have any questions. I will do my best to answer any questions you may have.

Sincerely,

/s/ Kristen Jernigan

Kristen Jernigan

No. 03-15-00263-CR

In the
COURT OF APPEALS
For the
THIRD SUPREME JUDICIAL DISTRICT
at Austin

_____

On Appeal from the 264th Judicial District Court of
Bell County, Texas
Cause Number 73061

_____

JOHN LEE BOWMAN, Appellant
*v.*
THE STATE OF TEXAS, Appellee

_____

MOTION FOR *PRO SE* ACCESS TO APPELLATE RECORD

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW, John Lee Bowman, Appellant herein, and files this, his Motion for *Pro Se* Access to Appellate Record. In support of said motion, Appellant would show the Court the following:

Appointed Counsel for Appellant has filed an *Anders* Brief and Motion to Withdraw. Pursuant to the Texas Court of Criminal Appeals' recent decision in *Kelly v. State*, No. PD-0702-13 (Delivered June 25, 2014), Appellant now requests access to the appellate record for the preparation of his *pro se* response.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully requests that this Court grant his Motion for *Pro Se* Access to the Appellate Record.

Respectfully submitted,

_____

John Lee Bowman

DATE:_____